| **CIVIL ACTION COVER SHEET** | DOCKET NO.(S)<br>03-5898-A | **Trial Court of Massachusetts Superior Court Department**  |
|---|---|---|
| | | County: Suffolk |

| | |
|---|---|
| PLAINTIFF(S)  Marvin M. Smith<br>2251A Washington Street<br>Newton, Massachusetts 02462 | DEFENDANT(S)  Massachusetts Commission Against Discrimination/Rent-A-Center, Inc., et al . |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br><br>Pro-Se Plaintiff.<br><br>Board of Bar Overseers number: | ATTORNEY (if known)<br><br>Unknown |

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial)  (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E02 | Appeal From Administrative<br>Agency M.G.L.Ch. 30A | ( X ) | ( X )Yes  ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses . . . . . . . . None. . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
 2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
 3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
 4. Total physical therapy expenses  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
 5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
 **Subtotal $. . . . . . . . . . .**

B. Documented lost wages and compensation to date March. 1,. 2001-August. 29,. 2003 . . . $.72,000.00.

C. Documented property damages to date . . . . None. . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .

D. Reasonably anticipated future medical and hospital expenses . . . ."""". . . . . . . . . . . . . $. . . . . . . . . . .

E. Reasonably anticipated lost wages  . . . . ."""". . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .

F. Other documented items of damages (describe)  """" 
 $. . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
    Loss of past earnings,undue emotional and mental distress,shock or surprize and negative impact from false deformation of plaintiff's character,caused by defendant employers and continued by unfair MCAD review process $.72,000.00.
 **TOTAL $.72,000.00.**

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL $. . . . . . . . . . .**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____  DATE: 12/16/03

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 03-5898-A _____ _____

Marvin M. Smith _____, Plaintiff(s)

v.

Rent-A-Center, Inc. _____, Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: Rent-A-Center, Inc., Three Deerfield Corporate Center 378 Page Street Stoughton, Massachusetts 02072.

You are hereby summoned and required to serve upon Marvin M. Smith 1 Administration Road Bridgewater, Massachusetts 02324

plaintiff's attorney, whose address is_____ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the_____ day of
_____, in the year of our Lord two thousand _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT
                                               CIVIL ACTION
                                               NO. 03-5898-A

Marvin M. Smith,
       Plaintiff.                                                    *

vs.
                                                                     *

**Dorca I. Gomez,** Individually And In Her
Official Capacity As Chairwomen Of The
Massachusetts Commission Against                                     *
Discrimination: **Walter Sullivan. Jr.,**
Individually And In His Official Capacity
As Investigating Commissioner For The                               *
Massachusetts Commission Against Discrimination
**Jean A. Clanton,** Individually And In Her Official
Capacity As Supervisor At The Massachusetts                         *
Commission Against Discrimination: **Jeannine Rice,**
Individually And In Her Official Capacity As
Investigator For The Massachusetts Commission                       *
Against Discrimination: **Rent-A-Center, Inc.,**
Individually And In It's Official Capacity As
Rent-A-Center, Inc.: **Roger Iverson,** Individually                *
And His Official Capacity As Regional Manager of
Massachusetts Rent-A-Center, Inc. : **William Costa,**
Individually And In His Official Capacity As                        *
Market Manager Central Boston Rent-A-Center, Inc.:
**Kevin Bell,** Individually And In His Official Capacity
As Manager Of The Jamaica Plain, Massachusetts Rent-A-              *
Center, Inc.
                                   **Defendants.**

### VERIFIED COMPLAINT N.*/

N.*/ All Statements made herein are made under pains and penalty
of perjury and all attached Exhibits are true copies of those
of Massachusetts Commission Against Discrimination.

-2-

I.        JURISDICTION:

         Primary jurisdiction is invoke pursuant to M.G.L. Ch.
30A, § 14(7). (States Administrative Procedure Act); M.G.L. Ch.
93A, § 2(a) (Consumer Protection Act): M.G.L.Ch. 151B, § 4(1)
(States Antidiscrimination Statute)


II.       PRELIMINARY STATEMENT:

         This is a civil action, which arises as a result of
the Defendants Rent-A-Center, Inc., Roger Iverson, William Costa
and Kevin Bell, commiting Fraud on the States Antidiscrimination
Agency, whom was conducting an investigation into charges by the
Plaintiff, that the Plaintiff had been terminated from Employment
at the Jamaica Plaint, Massachusetts Rent-A-Center, Inc.
         Plaintiff states, that the Defendants Rent-A-Center,
Inc., Iverson, Bell and Costa, while defending themselves
before the Massachusetts Commission Against Discrimination,
submitted a unsworn Position Statement, asserting knowingly
false statements of material fact in a attempt to conceal their
actions of Discrimination.
         Plaintiff charges that the Defendants Roger Iverson,
William Costa, Kevin Bell and Rent-A-Center, Inc., terminated
the Plaintiff from Employment based totally on race, in violation
of M.G.L.Ch. 151B, § 4(1). As well, Plaintiff has charged that
Defendants Iverson, Costa and Bell, based strictly on race, failed
to promote Plaintiff, or provide Plaintiff with a increase in pay;
And Retaliated against the Plaintiff for the Plaintiff's observ-
ance of the Martin Luther King, Holiday. And that the Defendants
had demonstrated clear disparate treatment between African
Americans and Hispanics, which resulted in Plaintiff's wrongful
termination.

That all such acts, are were in violation of States
Antidiscrimination statute M.G.L.Ch. 151B, § 4(1).

The Defendants acts of fruad and deceit pursuant to
M.G.L.Ch. 93A, § 2(a) before the Massachusetts Commission
Against Discrimination, the Defendants knowingly filing unsworn
false claims to conceal the Defendants acts of Employment
Discrimination that resulted in a unjust finding of Lack Of
probable Cause by the States Angency.

Additionally, Plaintiff states further, that this
Civil Action is commence against the Defendants Dorca I. Gomez,
Walter Sullivan, Jr., Jean A. Clanton and Jeannine Rice, all
Officials of the Massachusetts Commission Against Discrimination,
pursuant to M.G.L.Ch. 30A, § 14(7) (States Administrative
Procedure Act) for their collective abuse of discretion in
denying the Plaintiff right to Amend Complaint pursuant to 804
C.M.R. §1.13(7)The Right to Request for production of documents
804 C.M.R. §1.13 Right to Interrogatories. The right to have
evidence before the Hearing Official, decided based solely on
it's merit. And that the Massachusetts Commission Against
Discrimination decision and findings of lack of probable cause
was is clearly erroneous, and not supported by substantial
evidence.

III.        **PARTIES:**

1). Plaintiff Marvin M. Smith, is a African
American resident of Newton, Massachusetts, and a life long
citizen of the Commonwealth.  Whom at all times relevant was
a Employee of the 732 Center Street Jamaica Plain, Massachusetts
Rent-A-Center, Inc.

-4-

2). Defendant Dorca I. Gomez, is being sued in both her individual as well as in her Official capacity as Chairwoman of the Massachusetts Commission Against Discrimination. M.G.L.Ch. 151B, § 3.    Review before this Court is pursuant to M.G.L.Ch. 30A, § 14(7), as the Plaintiff claims, that the Massachusetts Commission Against Discrimination/Reviewing Commission of the Plaintiff's charge of Discrimination pursuant to M.G.L.Ch. 151B, § 4(1). abused her discretion in deciding the Plaintiff's claim of Discrimination, and did make such decision and findingd in violation of M.G.L.Ch. 30A, § 14(7).  As decision and findings are clearly erroneous and not supported by Substantial evidence. Defendant maybe served at the Massachusetts Commission Against Discrimination One Ashburton Place Boston, Massachusetts 02108.

3). Defendant Walter Sullivan Jr., is being sued in both his individual as well as in his Official capacity as Investigating Commissioner for the Massachusetts Commission Against Discrimination. M.G.L.Ch. 151B, § 3.    Review before this court is pursuant to M.G.L.Ch. 30A, § 14(7), as the Plaintiff claims, that the Massachusetts Commission Against Discrimination/Reviewing Commission of the Plaintiff's charge of Discrimination pursuant to M.G.L.Ch. 151B, § 4(1). Abused his discretion in deciding the Plaintiff's claim of Discrimination, and did make such decision and findings in violation of M.G.L.Ch. 30A, § 14(7). As decision and findings are clearly erroneous and not supported by substantial evidence. Defendant maybe served at the Massachusetts Commission Against Discrimination One Ashburton Place Boston, Massachusetts. 02108.

-5-

4). Defendant Jean Clanton, is being sued in both her individual as well as in her Official capacity as a Supervisor at the Massachusetts Commission Against Discrimination. M.G.L.Ch. 151B, § 3. Review before this court is pursuant to M.G.L.Ch. 30A, § 14(7), as the Plaintiff claims, that the Massachusetts Commission Against Discrimination/ Reviewing Commission of the Plaintiff's charge of Discrimination pursuant to M.G.L.Ch. 151B, § 4(1). Abused her discretion in deciding the Plaintiff's claim of Discrimination, and did make such decision and findings are clearly erroneous and not supported by substantial evidence. Defendant maybe served at the Massachusetts Commission Against Discrimination  One Ashburton Place Boston, Massachusetts 02108.

5). Defendant Jeaninne Rice, is being sued in both her individual as well as in her Official capacity as a Investigator at the Massachusetts Commission Against Discrimination. M.G.L.Ch. 151B, § 3. Review before this Court is pursuant to M.G.L.Ch. 30A, § 14(7), as the Plaintiff claims, that the Massachusetts Commission Against Discrimination/Reviewing Commission of the Plaintiff's charge of Discrimination pursuant to M.G.L.Ch. 151B, § 4(1). Abused her discretion in deciding the Plaintiff's claim of Discrimination, and did make such decision and findings that are clearly erroneous and not supported by substantial evidence. Defendant maybe served at the Massachusetts Commission Against Discrimination One Ashburton Place Boston, Massachusetts 02108.

6). Defendant Rent-A-Center, Inc., is being sued in both it's individual as well as it's Official capacity as Rent-A-Center, Inc., for it disparate treatment, lack of promotion, deprivation of job responsibility, lack of pay increase, wrongful discharge and retaliation for the Plaintiff's

-6-

observance of the Martin Luther King Jr., Holiday based totally on race.  In violation of M.G.L.Ch. 151B, § 4(1). For their acts of Fraud and deceit pursuant to M.G.L.Ch. 93A, § 2(a) Defendant maybe served at Rent-A-Center, Inc. 5700 Tennyson Parkway (3rd. Floor) Plano, Texas 75024.


            7). Defendsnat Roger Iverson, is being sued in both his individual as well as his Official capacity as Massachusetts Regional Manager of Rent-A-Center, Inc. for his disparate treatment, lack of promotion, deprivation of job responsibility, lack of pay increase, wrongful discharge and retaliation for the Plaintiff's observance of the Martin Luther King Jr., Holiday, based totally on the Plaintiff's race. In violation of M.G.L.Ch. 151, § 4(1). For his acts of fraud and deceit pursuant to M.G.L.Ch. 93A, § 2(a). Defendant maybe served at Three Deerfield Corporate Center 378 Page Street Stoughton, Massachusetts 02072.


            8). Defendant William Costa, is being sued in both his individual as well as his Official capacity as Central Boston Market Manager for Rent-A-Center, Inc., for his acts of disparate treatment, lack of promotion, deprivation of job responsibility, lack of pay increase, wrongful discharge and retaliation for the Plaintiff's observance of the Martin Luther King Jr., Holiday based totally on race, in violation of M.G.L.Ch. 151, § 4(1) For his acts of fraud and deceit pursuant to M.G.L.Ch. 93A, § 2(a). Defendant maybe served at Three Deerfield Corporate Center 378 Page Street Stoughton, Massachusetts 02072.


            9). Defendant Kevin Bell, is being sued in both his individual as well as his Official capacity as Manager of the Rent-A-Center, Inc., located at 732 Center Street Jamaica Plain, Massachusetts., for his act of disparate treatment, lack of promotion, deprivation of job responsibility, lack of pay increase,

-7-

wrongful discharge based totally on race, in violation of
M.G.L.Ch. 151B, § 4(1). For his acts of fraud and deceit
pursuant to M.G.L.Ch. 93A, § 2(a). Defendant maybe served at
Three Deerfield Corporate Center 378 Page Street Stoughton,
Massachusetts 02072.

IV.        **STATEMENT OF FACTS:**

1). Plaintiff began the Plaintiff's Employment with
Rent-A-Center.,(Hereinafter RAC) on or about the date of July
10, 2000. Assigned to the RAC Unit 1554, located at 732 Center
Street Jamaica Plain, Massachuetts.

2). Plaintiff for the first three weeks of Employment
at the RAC Unit 1554, 90% of that time was spent in training.
The rest of the Plaintiff's time was being spent being evaluated
by Superior Staff of the RAC Unit, for the Plaintiff's knowledge
and understanding of RAC policies and practices.

3). During Plaintiff's training period at RAC Unit
1554, Plaintiff performed the task of Customer Service, Product
Delivery, Product Preparation, Unit Appearance both Physical
and General collection. As well, ordering of Inventory, Rental
Selling, Processing Rental Agreements, Inventory Pricing and
Route Account Managing.

4). In addition, during the three weeks of training
Plaintiff spent several hours daily, providing RAC Management
with written performance evaluative reports.

5). Plaintiff from the date of July 10, 2000-December
2000, was assigned the daily tasks at RAC Unit 1554, of that
Supra. at 3.

6). Plaintiff additionally states, from the date
of July 2000-December 2000, Plaintiff spent 10% of
Plaintiff's Employment time, at RAC Unit 1554, performing
and training in Administrative policies and practices.

7). On the date of July 2000, Plaintiff's
Empoyment period at RAC Unit 1554, Unit 1554 had a Racial
break down, according to race of; Four African Americans.
N.1/  Three Caucasians, N.2/  One Jamaican, N.3/  and
Three Hispanics.N.4/

8). Plaintiff states, from the date of July 2000-
December 2000, RAC Defendant William Costa, Market Manager
for the RAC, and Defendant Roger Iverson, Regional Manager
also for RAC, began removing all African American Employees
from the RAC Unit 1554, and assigning them to the RAC Units
at 1232 River Street Hyde Park Massachusetts, 960 American
Legion Highway Roslindale, Massachusetts. N.5/

9). Additionally Defendant Costa and Iverson
transferred or terminated it's Caucasian Employees at the
RAC Unit 1554, at the same time of the transfer of African
American Employee. N.6/

---

N.1/ Plaintiff dosen't know the RAC Unit 1554 Employees Last
names in most cases, reason RAC Unit use first names only
during it's business day.  African American Employees titles
and name were. Account Manager Kevin, Account Manager Lawrence,
Account Manager Marcus and the Plaintiff.
N.2/ Three Cacasian Employees were: Manager Mel Perdomo,
Assistant Manager Scott Balm, Inside/Outside Assistant Pete.
N.3/ Account Manager Patrick.
N.4/ Account Manager Keith Bodden, Account Manager Jose,
Account Manager Lewis.
N.5/ Unit 1553 Hyde Park, Massachusetts and Unit 1566
Roslindale, Massachusetts.
N.6/ Assistant Manager Scott Balm, was tranferred to RAC
Unit       Somerville, Massachusetts. Inside/Outside
Assistant Pete was allegedly terminated.

10). On the July 2000 date, that the Plaintiff began Plaintiff's Employment at RAC Unit 1554, the racial composition was as stated Supra., at 8. and that Infra., at N.1-N.4. And by the date of September 2000, RAC Unit 1554's Twelve Member Staff had Ten(10) of those Members as Hispanic's. N.7/ With the Plaintiff being the only African Amercian assigned to the RAC Unit 1554.

11). As well, On or about the date of December 2000, Defendants Costa and Iverson, began to promote the recently hired Hispanic's at the RAC Unit 1554, providing them with pay increases over and around the Plaintiff.

12). On or about the date of December 2000, Plaintiff complained to then Manager of the RAC Unit 1554, Mel Perdomo, about the failure of Management to promote Plaintiff, Plaintiff was told on that December date, that he Manager had spoken with Defendant Costa, and was told Plaintiff was next to be promoted.

13). Shortly after the Plaintiff complained to then Manager of the RAC Unit 1554, about the Managements failure to promote Plaintiff, within days of that conversation, Plaintiff was assigned the addition duties of RAC Unit 1554 Route One Account Manager, replacing RAC Unit 1554 Account Manager Donny Cruz, whom was reassigned to Customer Service.

14). As a RAC Unit 1554 Route One Account Manager Plaintiff's duties were to Manage about One Hundred and Sixty individual RAC Unit 1554 Clients, some three hundred and Fifty

---

N.7/ Plaintiff states the Hispanic's titles and names were as follows: Assistant Manager Hector, Inside/Outside Assistant Keith Bodden, Account Manager Eric Costello, Account Manager Robert De-La-Rosa, Account Manager Donny Cruz, Account Manager Doug, Account Manager Jose.1 and Account Manager Jose.2

plus items, to ensure on time renewal of
~ ntal Aggreements, as well, to schedule Service and
Some Deliveries.  Additionally, As Route One Account
Manager, Plaintiff was required to conduct Telemarketing
Sales of RAC Unit 1554 Inventory.

15). Plaintiff further states, RAC Unit 1554
Route One, has a long documented History as a troubled
RAC Unit 1554 Route.  And one that was very difficult
to Manage.  Additionally, that (4) four of the last
four RAC Unit 1554 Route One Managers, were replaced
for their failure to Manage that Route within Common
goals of that Unit.N.8/

16). On or about the date of January 2001. RAC
Unit 1554, began to experience injuries to it's Staff. N.9/
As well, RAC Defendants Costa and Iverson discoveried acts
of fraud by RAC Unit Employee Eric Costello.N.10/  And an
overall breakdown of Supervisor Management.

17). As a direct result of the injuries to RAC
Unit 1554 Customer Service Staff, Plaintiff was reassigned
the additional duties of Customer Service, Product Delivery,
Product Preparation, Product Service, Unit Appearance and
Physical Collection, with the duties of RAC Unit 1554 Route
One Account Managing returning to the Inside/Outside
Assistant.

---

N.8/ Plaintiff claimed that RAC Unit 1554 Employees, Kevin,
Brodrick, Doug Angel and Donny Cruz, all were replaced as
Route One Account Managers for their failures to Manage
Route One, and that none were terminated as a result.
N.9/  Plaintiff states, injuries occurred to RAC Unit 1554
Manager Mel Perdomo, Account Managers Donny Cruz,  Doug,
Jose 2.
N.10/ Eric Costello, was RAC Unit 1554 Sales Team Leader,
it was determined that Mr. Costello, had submitted numerous
Rental Agreements, during the Month of December 2000, causing
the Unit 1554, to forfeit it's citation for Unit of the
Month of December 2000. Mr. Costello, was neither terminated
or Suspended.

-11-

18). On the date of January 15, 2001, Plaintiff with the permission of RAC Unit 1554 Management, took the Martin Luther King, Jr., Holiday off.

19). On the date of January 15, 2001, Plaintiff received a Telephone Message from the RAC Unit 1554, requesting that the Plaintiff contact that Units Manager Mel Perdomo.

20). Returning the RAC Unit Telephone Message, Plaintiff was advised by the Manager of RAC Unit 1554, that the Defendant Costa, had contacted the Unit 1554, on the date of January 15, 2001, and was concern that the Plaintiff had not shown up for work, and that when the Defendant Costa, was informed that the Plaintiff was observing the Martin Luther King, Jr., Holiday, the Defendant Costa, questioned whether in fact the Plaintiff was African American, stating that the Defendant thought the Plaintiff was "Goya" N.11/ Manager advised Plaintiff futher that everything was alright, just thought the Plaintiff should know that the Defendant had called.

21). Plaintiff states, that shortly after the January 15, 2001 date, Plaintiff began receiving threatening Harassing Telephone calls from the Defendant Costa, requesting that the Plaintiff quit; Stating that the Plaintiff explain to the Defendant, why the Defendant should not fire the Plaintiff. Telephone calls that continued until the date of March 1, 2001.

22). Plaintiff states, as a result of Plaintiff being the most experience RAC Unit 1554 Employee, trained in Customer Service, Product Delivery, Product Preparation, and

---

N.11/The word Goya, is used as a reference to alleged heavyly use Hispanic seasoning company, that provides food stuff to most of the Hispanic Communities, as is a general term for Hispanics, allegedly.

-12-

Physical Collections, and as a result, the Plaintiff spent on a average of 70% of the Plaintiff's work day performing those tasks from the date of January 16, 2001-March 1, 2001.

23). After several confrontations with the Defendant Costa, over managing RAC Unit 1554 Route One Accounts; and information regarding fraud within the route One Accounts.N.12/ Plaintiff on the date of March 1, 2001, Plaintiff was informed by the Defendant Costa, that Plaintiff had until 5:30 P.M. to have RAC Unit 1554 Route One Account within company standards, or the Plaintiff would be written up and suspended for one week.

24). Plaintiff after being given the order to get RAC Unit 1554 Route One accounts in accordance with alleged company standards, Plaintiff on the March 1, 2001 date, began the physical collection of RAC Unit 1554 Route One most abusive client.N.13/ Returning to the RAC Unit 1554 with RAC Unit 1554 Route One client Juana Frias.

25). With the return of Juana Frias, to the RAC Unit 1554, on the date March 1, 2001, Plaintiff was ordered to remain inside the RAC Unit 1554, and to stop all physical collections of the top eleven abusive clients.

---

N.12/ It appears, that several of the RAC Unit 1554 Route One Clients, were the family members of the RAC Unit 1554 Employees. As well, such as Karen Green, Boston Police Women, an account ran by members of the RAC Unit 1554, without the authorization of the Police women. Additionally, the RAC Unit 1554 Route One Client Juana Frias claimed to had pay in full, all items listed in RAC Unit 1554 files as being on rent.
N.13/ Plaintiff had concluded the accounts of both Juana Frias, Latrice Slade, Lucille Gillenwater, Olando Marcebo, but the Defendant Costa refused to adjust the Plaintiff's Route One to reflect there closure.

-13-

26). After the Plaintiff had closed the Account of
Juana Frias, Latrice Slade, Lucille Gillenwater and Olando
Marcebo, on the date of March 1, 2001. Plaintiff was informed
that the Plaintiff had failed to close RAC Unit 1554 Route
One Account in accordance with Company Standards. Plaintiff
was suspended for One week.

(Exhibit-B)

27). On the date of March 8, 2001. Plaintiff was
terminated after the conclusion of the Plaintiff's suspended
period.

28). On the date March 14, 2001. Plaintiff filed a
Complaint of Discrimination with the Massachusetts Commission
Against Discrimination, charging the Defendants Costa, Bell and
Iverson with terminating Plaintiff based on race, and in
retaliation for the Plaintiff's observance of the Martin Luther
King, Jr., Holiday.

(Exhibit-A)

29). On the date of April 17, 2001, Massachusetts
Commission Against Discrimination, authorized formal investigat-
ion.

30). On the date of May 3, 2001. Defendants filed a
Position Statement denying all allegation asserted by the
Plaintiff.

(Exhibit-C)

31). Plaintiff states, that the submitted Position
Statement of May 3, 2001, is evidence of the Defendants knowing
intentional fraudulet and deceitful acts and omission to

-14-

conceal their discriminatory termination of the Plaintiff,
before the Massachusetts Commission Against Discrimination
review.                                    (Exhibits-I,J)


    32). Plaintiff states, the Defendants began their acts
of fraud and deceit by knowingly and falsely asserting in their
Unsworn Position Statement, with intent to deceive the
Massachusetts Commission Against Discrimination, that the
Plaintiff had been convicted of First Degree Murder. And at all
time knowing that the Plaintiff had never been convicted of
first degree murder, because the Plaintiff had submitted to the
Defendants request for Criminal Offense Information(CORI) in
early July 2000.


    33). Plaintiff states further, that the Defendants
Jeannine Rice, Investigator, Walter Sullivan, Jr. Investigating
Commissioner nor Jean A. Clanton credited any merit to the
Plaintiff's rebuttal(Exhibit-D) that the Defendants had been
untruthful, concerning the Plaintiff being convicted of First
degree murder, or that the Plaintiff had failed to inform the
Defendants of the Plaintiff's criminal background. Which resulted
in clear erroneous finding of fact.

                                    (Exhibits-D,I,J,P,Q)


    34). Plaintiff states, that the Defendants knowingly
and falsely asserted in their unsworn Position Statement with
the intent to fraud the Massachusetts Commission Against
Discrimination, during their investigation of the Defendants for
Employment discrimination, when the Defendants asserted that the
Plaintiff was terminated for the Plaintiff's poor Job Performance
and abandoning Plaintiff's job.

                                    (Exhibit-C at 2)

-15-

35). Plaintiff states, that the Plaintiff had never
abandon the Plaintiff's job at RAC.  Further, that the Plaintiff
had never received oral warnings for the Plaintiff performaning
badly at the RAC Unit 1554.

36). Plaintiff states, that the Plaintiff responded
to the Defendants unsworn Position Statement(Exhibit-D) denying
the Defendants falsely asserted claim of Poor work performance,
and offering the Massachusetts Commission Against Discrimination
Defendants sworn affidavit of RAC Employee Keith Bodden, that
the Defendants had asserted falsely that the Plaintiff had
abandon the Plaintiff's work or had been receiving poor job
performance warnings.  Defendants Massachusetts Commission
Against Discrimination, credited no merit to the evidence which
resulted in the Defendants making a clearly erroneous finding of
fact.

(Exhibits-C,D,O,P,Q,L)

37). Plaintiff states, that the Defendant asserted
falsely, with the intent to fraud and deceive in their unsworn
Position Statement, that the RAC did not discriminate against
African Americans in employment.

(Exhibit-C at 2)

38). Plaintiff states, Plaintiff submitted Plaintiff's
rebuttal to the Defendants claim of racial discrimination based
on race, when the Plaintiff submitted the names of all African
American, transferred from the RAC Unit 1554, that were replaced
by Hispanic Employees of RAC. Defendants Massachusetts Commission
Against Discrimination, gave  no weight to this evidence, again
which resulted in their clearly erroneous findings of fact.

-16-

39). Plaintiff states, Defendants RAC knowingly and falsely asserted in their unsworn Position Statement, that the RAC Employee Keith Bodden, was a African American, that the RAC promoted to higher levels of management in the RAC. With the intent to fraud and deceive the Massachusetts Commission Against Discrimination. As the Defendants knew that the RAC Employee Keith Bodden, was listed on his RAC Application as Hispanic.

(Exhibits-C,D,L,P)

40). Plaintiff states, that the Defendant submitted rebuttal to the Defendants assertion that the RAC Employee Keith Bodden, was not a African American Employee as asserted by the Defendants, but that Mr. Bodden, was proof, that the Defendants were involved in pattern racial discrimination and fraud. The Massachusetts Commission Against Discrimination gave no weight to the Plaintiff testimony or evidence, which resulted in the Defendants clearly erroneous finding of fact.

(Exhibits-I,J)

41). Plaintiff states, that despite the Plaintiff clearly showing that the Defendants RAC, Iverson, Costa and Bell, had submitted clearly pretextual reasons for dismissing the Plaintiff from Employment. The Defendants Massachusetts Commission Against Discrimination, abused it's discretion by denying the Plaintiff's claim of Discrimination without hearing, without allowing the Plaintiff to amend Plaintif complaint, or the Plaintiff Motion For The Production Of Documents and or Request For Interrogatories.

(Exhibits-E,F,G,H)

42). Plaintiff states, the Defendants Gomez, Sullivan Clanton, and Rice pursuant to M.G.L.Ch. 151B, § 3. are responsible for enforcing the States Antidiscrimination Laws.

-17-

43). Plaintiff states, that the Defendants Gomez, Sullivan, Clanton and Rice, are authorized to conduct formal investigation into claims of Discrimination and did so in the Plaintiff's matter. (See 804 CMR § 1.13(1) )

44). Plaintiff states, that the Defendants Gomez, Sullivan, Clanton and Rice, once authorizing a formal Investigation are responsible for serving charges of discrimination on the Defendants RAC Iverson, Costa and Bell, and did serve those documents on the Defendants. (See 804 CMR § 1.10(7)(b) )

(Exhibit-C)

45). Plaintiff states, that the Defendants Gomez, Sullivan, Clanton and Rice, may schedule Investigative Conferences to obtain evidence, identify disputed issues and to determine the Positions of the parties.(See 804 CMR § 1.13(5) (a) )

46). Plaintiff states, that the Defendants Gomez, Sullivan, Clanton and Rice, as part of a formal Investigation may issue written Interrogatories Subpoena the production of documents or take depositions.   (See 804 CMR § 1.13(2) 804 CMR §.1.14(2) )

47). Plaintiff states, that the Defendants Gomez, Sullivan, Clanton and Rice, are permitted to allow parties limited predetermination discovery.(See 804 CMR § 1.13(7) ) Interrogatories and the production of documents.(See CMR § 1.13 (7)(b) )

48). Plaintiff states, that the Defendants Gomez, Sullivan, Clanton and Rice, after investigation, is responsible for deciding if there is probable cause to credit

-18-

the allegations in the complaint. And in making this determination disputes involving genuine issues of material fact are to be reserved for determination at hearing.(See 804 CMR § 1.15(7)(a)  )

49). Plaintiff claim for review before this court, is that the Defendants Massachusetts Commission Against Discrimination has abused their discretion which has resulted in totally erroneous finding of fact.

50). Plaintiff states, that clearly the Plaintiff has demonstrated that the Defendants, RAC Iverson, Costa and Bell's unsworn mix motive Position Statement was evidence of fraud and evidence of pretextual.

51). Plaintiff states, despite the Plaintiff filing clearly timely Amended Complaint. Defendant failed to credit any weight of that amended complaint.

(Exhibits-E,F,I,J)

52). Plaintiff further states, that the Plaintiff submitted timely request for both production of document and request for interrogatories. And was denied those request.

(Exhibits-D,G,H)

53). Plaintiff states, that Supra., at 51-52 was clearly a abuse of discretion. (See 804 CMR § 1.13(7)(a) )

54). Plaintiff states further, that their was evidence of clear dispute of material fact, Defendants were required to determine this issue within a hearing. 804 CMR § 1.15(7)(a). and failed to do so.

-19-

V.       **LEGAL CLAIMS:**


I.       **MASSCHUSETTS GENERAL LAWS. CHAPTER 30A, § 14(7)**
         **ABUSE OF DISCRETION**


Plaintiff hereby realleges and incorporates by reference as if fully set forth herein the allegations of paragraphs 1 through 54 of Statement Of Facts. This cause of action is pled against Defendants Gomez, Sullivan, Clanton and Rice, and each and every Defendant.

At all times herein mentioned Plaintiff was a Employee within the meaning of M.G.L.Ch. 151B, § 4(1). protected against discrimination in Employment on the basis of race, in that Plaintiff was a member of a protected and recognized minority group or category African American.

At all times material hereto Defendants all Employees at the Massachusetts Commission Against Discrimination were authorized States Antidiscrimination Agency within the meaning of M.G.L.Ch. 151B, § 3. And under granted authority are required to investigate claims of unlawful discrimination. Authorized to hold hearings, subpoena witnesses, adminstrater oaths, require the production for exmination of any books or papers relating to any matter under Investigation.

That Defendants, Gomez, Sullivan, Clanton and Rice abuused their discretion in violation of M.G.L.Ch. 151B, §§ 3(6)(7). When they engaged in a course of conduct that denied the Plaintiff both predetermination Discovery and Interrogatories (See 804 CMR § 1.13(7). As all were necessary in their making a determination disputed genuine issues of material fact.

As a proximate result of Defendants abuse of discretion Plaintiff has no effective, adequate or complete remedy at law but pursuant to M.G.L.Ch. 30A, § 14(7)(C-G).

-20-

II.     <u>MASSACHUSETTS GENERAL LAWS. CHAPTER 30A, § 14(7)</u>
                <u>CLEARLY ERRONEOUS FINDINGS</u>

        Plaintiff hereby realleges and incorporates by
reference as if fully set forth herein the allegations of
paragraphs 1 through 54 of Statement Of Facts. This cause of
action is pled against Defendants Gomez, Sullivan, Clanton and
Rice and each and every Defendant.

        At all times herein mentioned Plaintiff was a
Employee within the meaning of M.G.L.Ch. 151B, § 4(1). Protected
against discrimination in employment on the basis of race, in
that Plaintiff was a member of a protected and recognized
minority group or category African American.

        At all times material hereto Defendants all employees
at the Massachusetts Commission Against Discrimination were
authorized States Antidiscrimination Agency within the meaning
of M.G.L.Ch. 151B, § 3. And under granted authority are required
to Investigate claims of lawful discrimination. Authorized to
hold hearings, subpoena witnesses, adminstrater oaths, required
the production for exmination of any books or papers relating to
any matter under Investigation.

        That Defendants, Gomez, Sullivan, Clanton and Rice,
committed clear error of law in violation of M.G.L.Ch. 30A, §
14(7)(a-g)  when they engaged in a course of conduct that resulted
in a clearly erroneous finding of facts, when the Defendants
refused to consider the entire record of evidence before them,
while adjucating Plaintiff's complaint of Employment Discriminat-
ion at the hands of Defendants Rent-A-Center, Inc., Iverson,
Costa and Bell, and or failed to give proper weight to any and
all Plaintiff's sworn declaration of proof of no genuine  issue
of material fact in dispute, that the Defendants reason for
terminating Plaintiff from Employment is/was pretextual.

-21-

That the Defendant Gomez, Sullivan, Clanton and Rice's decision and findings of facts are unsupported by substantial evidence and are clearly erroneous as a matter of law.

As a proximate result of Defendants claerly erroneous findings, Plaintiff has no effective, adequate or complete remedy at law but pursuant to M.G.L.Ch. 30A, § 14(7) (c-g)

III.    ## MASSACHUSETTS GENERAL LAWS. CHAPTER 93A, § 2A
        FRAUD AND DECEIT

Plaintiff hereby realleges and incorpotates by reference as if fully set forth herein the allegations of paragraphs 1 through 54 of Statement Of Facts. This cause of action is pled against Defendants, Rent-A-Center, Inc., Iverson, Costa and Bell and each and every Defendant.

At all times herein mentioned Plaintiff was a Employee within the meaning of M.G.L.Ch. 151B, § 4(1). Protected against discrimination in Employment on the basis of race, in that Plaintiff was a member of a protected and recognized minority group or category African American.

At all times material hereto Defendants all Employees at the Rent-A-Center, Inc., the Plaintiff's employers within the meaning of M.G.L.Ch. 151B, § 4.

That Defendants Rent-A-Center, Inc. Iverson, Costa and Bell, when they engaged in a course of conduct of fraud and deceit in violation of M.G.L.Ch 93A, § 2A when they deliberately intentionally willfully and maliciously committed common law and M.G.L.Ch. 93A, § 2A fraud and deceit on both the Plaintiff and Defendants Massachusetts Commission Against Discrimination as set out in paragraphs 28 through 41 of Statement Of Facts, resulting in the clearly erroneous Massachusetts Commission Against Discrimination decision and loss of Plaintiff's wages Employment and causing undue mental and emotional destress

-22-

IV.    ON THE JOB RACIAL DISCRIMINATION IN EMPLOYMENT
       IN VIOLATION OF MASS. GEN. LAWS. CHAPTER 151B,
       SECTION 4(1) DISPARATE TREATMENT

Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraph 1-54 of Statement Of Facts.  This cause of action is pled against Defendants Rent-A-Center, Inc., Bell, Costa and Iverson and each and every Defendant.

At all times herein mentioned, Plaintiff was a employee within the meaning of Massachusetts General Laws. Chapter 151B, section 4(1) protected against discrimination in employment on the basis of race, in that Plaintiff was a member of a protected and recognized minority group or category African American.

At all times material hereto, Defendant Rent-A-Center, Inc., was an employer with the meaning of M.G.L.Ch. 151B, § 4(1), and as such was prohibited from discriminating in employment decision on the basis of race.

Plaintiff has been discriminated against by Defendants Rent-A-Center, Inc., Iverson, Costa and Bell and each of them, on the basis of race, inviolation of M.G.L. Ch. 151B, § 4(1). By the Defendants engaging in a course of conduct which included subjecting Plaitniff to disparate treatment in employment. This course of conduct further included providing untrue, misleading and unfavorable references and employment recommendations to potential and prospective employers seeking or verifying references of Plaintiff.

As a proximate result of Defendants racial discrimination, Plaintiff has suffered and continues to suffer substantial losses incurred in loss of past and future earnings, bonuses, plus expenses and Attorney Fees incurred in attempting to obtain the benefits due Plaintiff.

As a further proximate result of the actions and conduct of Defendants, Plaintiff has suffered and incurred, and

-23-

is suffering and incurring, serious harm and damage to
Plaintiff's personal and professional reputation and credibility
by Defendants subjecting Plaintiff to such treatment, with the
untrue implication to peers, co-work, and the Massachusetts
Commission Against Discrimination with knowingly false
statements and pre-textual reasons asserted in the Defendants
Position Statement, that Plaintiff was less competent or
trustmorthy than others in Plaintiff's position.

As a further proximate result of Defendants actions,
Plaintiff has suffered and continues to suffer severe and
lasting embarrassment, humiliation and anguish, and other
incidental and consequential damages and expenses, all to
Plaintiff's damage in an amount according to proof.

As a result of the discriminatory conduct and actions
of fraud before the Massachusetts Commission Against Discriminat-
ion herein alleged, Plaintiff has no effective, adequate, or
complete remedy at law, because Defendants continue to engage in
wrongful practices alleged herein.

## V. ON THE JOB RACIAL DISCRIMINATION IN EMPLOYMENT IN VIOLATION OF MASS. GEN. LAWS. CHAPTER 151B, § 4(1) LACK OF PROMOTION

Plaintiff hereby realleges and incorporates by
reference as if fully set forth herein, the allegations of
paragraphs 1 through 54 above. This cause of action is pled
against Defendants Rent-A-Center, Inc. Iverson, Costa and Bell,
and each and every Defendant.

At all times herein mentioned, Plaintiff was an
employee within the meaning of M.G.L.Ch. 151B, § 4(1), protected
against discrimination in employment on the basis of race, in
that Plaintiff was a member of a protected and recognized

-24-

minority group or category African American.

At all times material hereto, Defendant Rent-A-Center, Inc., was an employer within the meaning of M.G.L.Ch. 151B, § 4(1) and as such was prohibited from discriminating in employment decisions on the basis of race.

Plaintiff has been discriminated against by Defendants Rent-A-Center, Inc., Iverson, Costa and Bell and each of them, on the basis of race in violation of M.G.L.Ch. 151B, § 4(1). By the Defendants engaging in a course of conduct which included subjecting Plaintiff to a lack of promotion in employment based on race

This course of conduct further included providing unrue, misleading and unfavorable references and employment recommendations to potential and prospective employer seeking or verifying references of Plaintiff's.

As a proximate result of Defendants racial discrimination, Plaintiff has suffered and continues to suffer substantial losses incurred in loss of past and future earnings, bonuses, plus expenses and Attorney fees incurred in attempting to obtain the benefits due Plaintiff.

As a proximate result of Defendants racial discrimination, Plaintiff has suffered and continues to suffer substantial losses incurred in loss of past and future earnings, bonuses, plus expenses and Attorneys fees incurred in attempting to obtain the benefits due Plaintiff.

As a further proximate result of the actions and conduct of Defendants, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to Plaintiff's personal and professional reputation and credibility by Defendants subjecting Plaintiff to such treatment, with the untrue implication to peers, co-worker and the Massachusetts Commission Against Discrimination, that Plaintiff was less competent or trsutworthy than others in Plaintiff's position.

-25-

As a further proximate result of Defendants actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequantial damage and expenses, all to Plaintiff's damage in an amount according to proof.

As a result of the discriminatory conduct and actions, of Defendants herein alleged, Plaintiff has no effective, adequate, or complete remedy at law, because Defendants continues to engage in wrongful practices of fraud and deceit sworn herein.

## VI. ON THE JOB RACIAL DISCRIMINATION IN EMPLOYMENT IN VIOLATION OF MASS. GNE. LAWS. CHAPTER 151B, § 4(1) DEPRIVATION OF JOB RESPONSIBILITY

Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 54 above.  This cause of action is pled against Defendants Rent-A-Center, Inc., Iverson, Costa and Bell, and each and every Defendant.

At all times herein mentioned Plaintiff was an Employee within the meaning of M.G.L.Ch. 151B, § 4(1), protected against discrimination in employment on the basis of race, in that Plaintiff was a member of a protected and reconginized minority group or category African American.

At all times material hereto, Defendant Rent-A-Center, Inc., was an employer within the meaning of M.G.L.Ch. 151B, § 4. And as such was prohibited from discriminating in employment decisions on the basis of race.

Plaintiff has been discriminated against by Defendants Rent-A-Center, Inc., Iverson, Costa and Bell and each of them,

on the basis of race in violation of M.G.L.Ch. 151B, § 4(1)
By the Defendants engaging in a course of conduct which
included subjecting Plaintiff to deprivation of job
responsibility in employment.

This conduct further included providing untrue,
misleading and unfavorable references and employment recommend-
ations to potential and prospective employers seeking or
verifying references of Plaintiff's.

As a proximate result of Defendants racial
discrimination, Plaintiff has suffered and continued to
suffer substantial losses incurred in loss of past and future
earnings, bonuses, plus expenses and Attorney Fees incurred in
attempting to obtain the benefits due Plaintiff.

As a further proximate result of the actions and
conduct of Defendants, Plaintiff has suffered and incurred, and
is suffering and incurring, serious harm and damages to
Plaintiff's personal and professional reputation and credibility
by Defendants subjecting Plaintiff to such treatment, with the
untrue implication to peers, co-workers and Massachusetts
Commission Against Discrimination, and others in contact with
Plaintiff, that Plaintiff was less competent or trustworthy
than others in Plaintiff's position.

As a further proximate result of Defendants actions,
Plaintiff has suffered and continues to suffer severe and
lasting embarrassment, humiliation and anguish, and other
incidental and consequential damages and expenses, all to
Plaintiff's damage in a amount according to proof.

As a result of the discriminatory conduct, and actions
of fraud before the Massachusetts Commission Against Discriminat-
ion herein alleged, Plaintiff has no effective, adequate, or
complete remedy at law, because Defendants continue to engage in
wrongful practices alleged herein.

-27-

VII.       ON THE JOB RACIAL DISCRIMINATION IN EMPLOYMENT
        IN VIOLATION OF MASS GEN. LAWS. CHAPTER   151B,
            SECTION 4(1) LACK OF PAY INCREASE

        Plaintiff hereby realleges and incorporates by
reference as if fully set forth herein, the allegations of
paragraphs 1 through 54  above. This cause of action is pled
against Defendants Rent-A-Center, Inc., Iverson, Costa and
Bell, and each and every Defendant.

        At all times herein mentioned, Plaintiff was an
employee within the meaning of M.G.L.Ch. 151B, § 4(1), protected
against discrimination in employment on the basis of race, in
that Plaintiff was a member of a protected and recognized
minority group or category African American.

        At all times material hereto, Defendant Rent-A-
Center, Inc., was an employer within the meaning of M.G.L.Ch.
151B, § 4(1) and as such was prohibited from discriminating in
employment decisions on the basis of race.

        Plaintiff has been discriminated against by
Defendants Rent-A-Center, Inc., Iverson, Costa and Bell and
each of them, on the basis of race in violation of M.G.L.Ch. 151B,
§ 4(1). By the Defendants engaging in a course of conduct which
included subjecting Plaintiff to lack of pay increases in
employment.

        This course of conduct further included providing
untrue, misleading and unfavorable references and employment
recommendations to potential and prospective employers seeking
or verifying references of Plaintiff's.

        As a proximate result of Defendants racial discrimin-
ation, Plaintiff has suffered and continues to suffer substantial
losses incurred in loss of past and future earings, bonuses,
plus expenses and Attorney Fees incurred in attempting to obtain
the benefits due Plaintiff.

-28-

As a further proximate result of the actions and conduct of Defendants, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damages to Plaintiff's personal and professional reputation and credibility by Defendants subjecting Plaintiff to such treatment, with the untrue implication to peers, co-workers and Massachusetts Commission Against Discrimination and others in contact with Plaintiff that Plaintiff was less cometent or trustworthy than others in Plaintiff's position.

As a further proximate result of Defendants actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof.

As a result of the discriminatory conduct and actions of Fraud before the Massachusetts Commission Against Discrimination herein alleged, Plaintiff has no effective, adequate, or complete remedy at law, because Defendants continue to engage in wrongful practices alleged herein.

VII.    **RACIAL DISCRIMINATION IN TERMINATION OF EMPLOYMENT IN VIOLATION OF MASS. GEN. LAWS. CHAPTER 151B, § 4(1)    WRONGFUL DISCHARGE**

Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 54 above. This cause of action is pled against Defendant Rent-A-Center, Inc., Costa, Iverson and Bell and each and every Defendant.