4.        Complainant has been discriminated against by Respondents Rent-A-Center, Inc., Roger Iverson, William Costa and Kevin Bell and each of them on the basis of race in violation of Mass. Gen. Laws. Ch. 151B, § 4 by Respondents engaging in a course of conduct which included subjecting Complainant to lack of promotion in employment because of Complainants African American Race.

5.        Complainant has been discriminated against by Respondents Rent-A-Center, Inc., Roger Iverson, William Costa and Kevin Bell and each of them on the basis of race in violation of Mass. Gen. Laws. Ch. 151B, § 4 by Respondents engaging in a course of conduct which included subjecting Complainant to retaliation for Complainants observance of the Martin Luther King Jr. Holiday, in employment because of Complainants African American Race.

6.        Complainant has been discriminated against by Respondents Rent-A-Center, Inc., Roger Iverson, William Costa and Kevin Bell and each of them on the basis of race in violation of Mass. Gen. Laws. Ch. 151B, § 4 by Respondents engaging in course of conduct which included subjecting Complainant to wrongful termination in employment because of Complainants African American Race.

Sworn to under the pains and penalties of perjury this May 23, 2003 date.

Marvin M. Smith

Marvin M. Smith
28 Irma Street
Dorchester, Ma. 02124
(617) 965-8682

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

MASSACHUSETTS COMMISSION
AGAINST DISCRIMINATION
NO. 01130691

---

Marvin M. Smith,
Complainant.                    *

                                *
v.
                                *
Rent-A-Center, Inc. et al.
Respondents.                    *



---

## COMPLAINANT'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANT  WILLIAM COSTA

        Now comes the Complainant Marvin M. Smith, and
serves these Requests for Production upon the above-named
Respondent and requests that they be fully answered in
writing and under oath within MCAD Standing Order 98-1;
804 C.M.R. 1.13.   These Requests are served pursuant to
MCAD Procedure, and shall be deemed continuing, and you
are required to supplement or amend any prior response.
Each Request is addressed to the personal knowledge of the
Respondent, as well as to the knowledge and information of
Respondent's attorney, investigators, agents, employees,
and other representatives. If Respondent is unable to comply
with a Request completely, the request should be produced
as possible.  When a Request is directed to Respondent, the
Request is also directed to the aforementioned persons. If
no such information exists to comply with a particular
Request, please state that fact. Failure to state that fact
will, when that fact is proven, result in an abusive
litigation claim.

-2-

If you withhold any responsive document(s), material(s), or information on the basis of a claim of any privilege or work product, the withheld matter should be fully identified and the objection fully supported in accordance with MCAD Standing Order 98-1. and applicable case authority governing the proper assertion of and support of such objections.

The documents to be produced are the following:

## REQUESTS FOR PRODUCTION

### 1.

All documents for which identification is sought in Complainant's First Interrogatories Nos. 1,2,3,4,5,6,7,8, 9,10,13,14,15,16,17,18,19.

### 2.

A current organization chart of Rent-A-Center, Inc. (hereinafter RAC) and it's management, together with each iteration of such organizational charts since June 1, 1990.

### 3.

A current RAC Operations Manual together with each iteration of the operations manual since June 1, 1990.

### 4.

A current Associate Handbook together with each iteration of the associate handbook since June 1, 1990.

-3-

5.

A current RAC Personal Manual together with each iteration of the manual since June 1, 1990.

6.

All documents that discuss, review, explain, outline, and/or define RAC'S hiring, retention, promotion and/or termination policies, practices, procedures, rules and or guidelines.

7.

All documents that discuss, review, explain, outline, and/or define RAC'S job performance evaluation policies, practices, procedures, rules and/or guidelines.

8.

All documents that discuss, review, explain, outline, and/or define RAC'S policies, practices, procedure, rules and or guidelines regarding the investigation into and handling of reported complaints, claim, charges, allegations and/or incidents of racial discrmination or retaliation for opposing allegedly unlawful employment practices of the RAC.

9.

All documents that discuss, review, explain, outline, and/or define RAC'S franchise policies, practices, procedures, rules and/or guidelines, including, but not limited to the manner in which franchisees are selected, evaluted and compensated.

-4-

10.

All documents sent to, received from, or authored by Roger Iverson, William Costa, Kevin Bell, Keith Bodden, Doug Angel or any other RAC Regional Manager, Market Manager, Manager, Assistant Manager, Account Manager or agent either separately or in conjunction with others, on the subjects of:

(a). Marvin M. Smith;

(b). Marvin M. Smith's Employment;

(c). the operation of RAC 1554;

(d). the productivity of RAC 1554;

(e). the racial demographics of RAC 1554; and

(f). the termination of Marvin M. Smith's employment.

11.

All documents that discuss, review, explain, outline, and/or define RAC'S performance with respect to equal employ-ment opportunity compliance, affirmative action policy compliance, and workplace diversity policy compliance.

12.

All records, reports, memoranda, notes, files, computer files, correspondence (including interoffice corresp-ondence and/or electronic mail), drafts, or other documents

-5-

related to the Complainant's claim or one or more
of your defenses to the Complainant's allegations.

13.

All statements of any person who either witnessed,
or purport to have knowledge of facts relevant to the
termination of Marvin M. Smith, including any transcription
(written, tape recorded, computer-gernerated, or recorded by
any other means) of any statement or account made as a result
of any interview of any witness.

14.

A copy of the Complaint for every lawsuit alleging
racial discrimination or failure to promote, retaliation by
the RAC and/or any of your directors, officers, managers,
employees, and/or agents, and all answer(s) to such Complaints,
for the years 1990 up until and including the present.

15.

Any documents or other evidence supporting the
notion that having a staff that closely resembles the
statisical racial makeup of the community is good for
business.

16.

All manuals, handbooks, policies, procedure,

-6-

notice, or directives issued by RAC pertaining to the maintenance of nondiscriminatory environment in it's workplace.

17.

RAC'S System Position Statement on nondiscrimination practices.

18.

RAC'S Discrimination/Sexual Harassment Investigation form.

19.

RAC'S Comparison Reports for each RAC within M13 Boston Central Region for every reporting period for the last five years.

20.

RAC No. 1554 Statiscial Performance Reports for Route One for every reporting period for the last five years.

21.

RAC No. 1554 Route One Payment History Reports for every reporting period for the last five years.

-7-

## 22.

RAC No. 1554 Inventory Status Report for every reporting period for the last five years.

## 23.

RAC 1554 Past Due Reports for every reporting period for the last five years.

## 24.

RAC No. 1554 Lost Fee Analysis Report for every reporting period for the last five years.

## 25.

RAC No. 1554 Income Projection Performance Reports for every reporting period for the last five years.

## 26.

A complete set of financial statements for the years 1999 until the present for RAC No. 1554.

## 27.

Documents showing or from which can be derived the racial composition of RAC No. 1554 for the five years.

-8-

### 28.

Documents showing or from which can be derived the racial composition of RAC No. 1554 for the twelve months following the effective date of Marvin M. Smith's termination.

### 29.

Documents showing or from which can be derived the racial composition for each of the RAC'S M13 Central Boston region, Managers, Assistant Managers, Inside/Outside Assistant for the last five years.

Dated: June 12, 2003.

Marvin M. Smith
2251A Washington Street
Newton, Massachusetts 02462
(617) 965-8682

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK COUNTY

MASSACHUSETTS COMMISSION
AGAINST DISCRIMINATION
NO. 01130691

---

Marvin M. Smith
Complainant.

Vs.

Rent-A-Center, Inc. et al.
Respondents.

\*
\*
\*
\*
\*

EXHIBIT

---

## COMPLAINANT'S FIRST INTERROGATORIES TO RESPONDENT WILLIAM COSTA

Now comes the Complainant Marvin M. Smith, and serves these Interrogatories upon the above-named Respondent and requests that they be fully answered in writing and under oath. These Interrogatories are served pursuant to MCAD standing orders 98-1 and shall be deemed continuing, and you are required to supplement or amend any prior response if the person or entity to whom these Interrogatories are addressed ascertains any change, different, or added fact, condition, or circumstances, or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Respondent, as well as to the knowledge and information of Respondents attorneys, investigators, agent, employees, and other representatives. If Respondent is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Respondent, the question is also directed to each of the forementioned person.

-2-

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the term listed below are defined as follows:

1.  **"Document"** means avery writting or record of avery type and description that is or has been in your possession, control, or custody or of which you have knowledge, including (but not limited to), correspondence, memoranda, tape, stenographic or hand-written notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiches, microfiche, voice recordings, maps, reports, surveys, plats, minutes, e-mail, or statistical calculations.

2.  **"person"** means any natural person, corporation, partnership, proprietorship, association, organization, or group of person.

3.  **"Occurrence"** refers to the incident made the basis of the Complaint.

4.  (a) **"Identify"** with respect to any "person" or any reference to stating the "identity" of any "person"

-3-

means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "Identify" with respect to and "document" or any refence to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

5. If you withhold any responsive document(s), material(s), or information on the basis of a claim of any privilege or work product, the withheld matter should be fully identified and objection fully supported in accordance with MCAD Standing Orders 98-1 and applicable MCAD authority govern- ing the proper assertion and/or support of such objections.

## INTERROGATORIES

1.

Does Rent-A-Center, Inc. (hereinafter RAC) have a commitment to create and maintain a working environment free of discrimination with respect to race? If so,

(a). Has RAC established any statement of policy

-4-

which prohibits RAC discrimination by employees and or retaliation against employees who oppose unlawful employment practices?

(b). Has RAC established any procedure for monitoring compliance with it's non-discrimination policies?

(c). Does RAC maintain records in the ordinary course of it's business that would enable one to ascertain the race of all managerial and non-managerial RAC employees on a unit by unit basis at any given time?

(d). If you answer affirmatively to subparts(a)-(c), or any item of them, please identify the responsive documents.

2.

Does RAC have policies and/or guidelines for management or supervisory personnel relevant to the prevention of racial discrimination of any kind in connection with recruiting hiring training, promotion, and termination decision? If your answer is in the affirmative, please identify all documents that discuss, review,explain, outline, or define any such policies and/or guidelines, and state the name title, and race of the person responsible for the implementation and enforcement of the policies and/or guidelines on RAC-wide basis.

3.

Does the RAC have any policies and/or procedures for handling complaints of racial discrimination or relaliation for opposing allegedly unlawful employment practices by RAC? If your answer is in the affirmative, please identify all documents that discuss, review, explain, outline, or define any such policies and/or guidelines, and state the name, title, and race of the person responsible for the implementation and enforcement of the

-5-

policies and/or procedures on a RAC-wide basis.

4.

Please identify each and every RAC policy which prohibits retaliation against employees for opposing allegedly unlawful employment practices by RAC, attach a copy of the policy(ies) to your response.

5.

Please identify each and every RAC policy which any of your employees would violate if he or she discharge a current employee or refuses to promote a employee because of his or her race, attach a copy of the policy(ies) to your response.

6.

Since 1991, has the RAC received any verbal or written, formal or informal complaints, allegations or claims from employees or operators of any RAC regarding disparate or unequal treatment on the basis of race, or failure to promote, or regarding retaliation for opposing allegedly unlawful employment practices by RAC? If your answer is in the affirmative, with reference to each such complaint; please state the name, address, and race of the person who made the complaint; the date any such complaint was brought to your attention; the address and unit number of the RAC involved; the date the complaint was filed; provide a description of the charges made in the complaint as well as a description of all action taken on the basis thereof.

-6-

describe any investigation undertaken by or on behalf of RAC; and, the name, address, and title of the person(s) who investigated or otherwise responded to the complaint on behalf of RAC; attach a copy or state where and when Commission may examine a copy of any written complaint.

7.

Since 1991, has any employee filed a legal action against the RAC allowing for racial discrimination in employ-ment or retaliation for opposing allegedly unlawful employment practices? If your answer is in the affirmative, with respect to each legal action, please state the name, address, and race of the person who filed the legal action; the address and unit number of the RAC facility involved; the date on which and tribunal in which the legal action was filed; provide a descript-ion of the allegations made in the legal action (or alternative-ly, you may produce the complaint); provide a description of all actions taken in response to the legal action; the name, address, and title of the person(s) who investigated or otherwise responded to the legal action behalf of RAC; the disposition of the claims asserted, and attach a copy of or state where and when the Commission may examine a copy of the legal action.

8.

Does RAC offer any verbal or written guidance to it's managerial employees on the objective criteria (e.g., education, experience, training, performance, race, etc.) to be applied in the process of hiring potential employees and/or firing current employees? If so, please state the guidance given managerial

7.

employees in this regard, and identify all
documents that discuss, review, explain, outline, or define
any such guidance.

9.

Has RAC established any policy, practices,
guideline, or procedure to train RAC managers how to make staff-
ing decisions based on the racial demographics of the community
in which the RAC facility sits? If so, please state the train-
ing policy, practice, guideline, or procedure, and identify all
documents that discuss, review, explain, outline, or define any
such training policy(ies), practice(s), guideline(s), or
procedures.

10.

Has RAC established any policy, practice, guideline,
or procedure governing the exercise of managerial discretion
in determining the racial make-up of employees for a particular
RAC facility? If so, please state the policy, practice, guide-
line, or procedure governing the exercise of managerial discret-
ion in this regard, and identify all documents that discuss,
review, explain, outline, or define any such policy(ies), pract-
ice(s), guideline(s), or procedure(s).

11.

Please identify all person (excluding your attorneys
and experts)who possess any knowledge concerning either the
termination of Marvin M. Smith, Complainant's claims of discrim-
ination and retaliation, or one or more of your defenses to

8.

Complainant's complaint, including the name current
or last known address, and telephone number of each person
and the pertinent subject matter(s) about which each person
has knowledge.

12.

Please identify each and every RAC Market Manager,
Manager, Assistant Manager, Inside/Outside Assistant Employee
or agent who participated in or was contemporaneously aware
of the decision to terminate Marvin M. Smith's employment.

13.

Please identify all legitimate, non-discriminatory,
and non-retaliatory reasons for the termination of Marvin M.
Smith, when the decision-making process relating to his term-
ination was begun, when the final termination decision was
made and by whom, and identify all evidence, documents,
materials, information, or testimony that support your
response.

14.

Has RAC or any agent, employee, or attorney of the
RAC taken or received any statement, either orally or in
writing, from any person who had any information or knowledge
concerning either the termination of Marvin M. Smith, Complain-
ant's claim of discrimination and retaliation, or one or more
of your defenses to Complainants complaint? If your answer is
in the affirmative, as to each such person, please state the
persons name, current or last known address, and job title;
the date of any such statement; the substance of any such

9.

statement; and, if such statement was in writing, please attach a copy or indicate where and when Commission may examine a copy of any such statement.

15.

Has RAC established any policy, practice, guideline, or procedure for evaluating the job performance of it's employees? If so, please state the evaluation policy(ies), practices, guidelines, or procedures, and identify all documents that discuss, review, explain, outline, or define any such policy(ies), practice(s), guideline(s) or procedure(s).

16.

Has RAC evaluated, formally or informally, that job performance of Marvin M. Smith? If so, please identify all documents, including menoranda or letters to complainant, relating to any formal or informal evaluation of Marvin M. Smith's job performance since 2000-the year he was hired by RAC.

17.

Please identify all past and present employees of RAC unit number 1554 since the facility opened, including their name, current or last known address, telephone number, race, whether they are still employed by the RAC, and their inclusive dates of employment at that unit.

10.

18.

Please identify any and all RAC'S M13 Central
Boston Regional Managers, Market Managers, Managers, Officers
and/or managers with supervisory responsibility for RAC unit
number 1554 since that unit opened, including their name,
current or last known address, telephone number, race, whether
they are still employed by the RAC, and their inclusive dates
of employment at that unit.

19.

Please identify each RAC job category and provide a
detailed description of the job duties and responsibilities
for each job category identified, including, but not limited
to, the following jobs: Regional Manager, Market Manager,
Manager, Inside/Outside Assistant, Assitant Manager, Account
Manager, Customer Service, Product Delivery, Product Preparat-
ion, and Product Service.

20.

Please provide each organizational chart that has
been created by RAC since 1991 which sets forth the titles,
names, and/or addresses of any and all corporate directors,
corporate officers, senior vice presidents, vice presidents
assistant vice presidents, and any other upper level manage-
ment employees.

21.

Please state the name, current address, and
telephone number of each person who aided or was consulted

11.

the process of answering these Interrogatories.

Dated: June 12, 2003.

Marvin M. Smith
2251A Washington Street
Newton, Massachusetts 02462
(617) 965-8682

TO:   Smith, Marvin v. Rent A Center
Docket No.: 01-13-0691
EEOC #:   16CA11155
No. of Employees: 25+

EXHIBIT

FROM: Jeannine Rice

RE:   RECOMMENDATION for DISMISSAL of COMPLAINT

Issue(s) Investigated:

     Whether Complainant was discriminated against on the basis of Race/Color (Black) when he was terminated from employment in violation of M.G.L. Chapter 151B, §4, ¶1 and Title VII of the 1964 Civil Rights Act as amended.

Summary of Findings:

     Complainant was hired as an account manager and worked for Respondent from July 2000 until March 2001. He alleges that when he was assigned to collections, he was given the toughest accounts making it virtually impossible to succeed. Complainant asserts that Hispanic and Caucasian employees who had preceded him also had difficulty in meeting company standards. Complainant alleges the Caucasian employee was given a raise, the Hispanic employee was demoted and the Complainant was terminated. He further alleges he was retaliated against for taking Martin Luther King Day off. Investigation reveals the Complainant received repeated warnings for poor performance and insubordination and eventually abandoned his job. Further investigation reveals the Complainant had been convicted of several felonies yet he responded on his application that he had not been convicted of a felony. Additionally, the managers who Complainant cites were "against him because he is not Spanish" are not Hispanic, nor do they speak Spanish, nor is there any evidence they have hired only, or predominantly, Hispanic employees. The record indicates one of Complainant's original managers is Black and that he was promoted during the Complainant's tenure and has been since promoted to an even more responsible position. In fact, he still works for the same location where the Complainant worked. With respect to MLK day-the Complainant did not take a vacation day, in fact, a review of payroll records indicates he scheduled the day as one of his regularly scheduled days off.

     The Respondent has articulated a legitimate, nondiscriminatory reason for taking action against the Complainant. The evidence does not reveal that the Complainant was subjected to more stringent demands than other, non-Black employees. It is recommended this case be dismissed due to a lack of probable cause.

_____
Jeannine Rice, Investigator

_____
Jean A. Clanton
Supervisor

*A Page 22 of 24*
*mail arrived*

**MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION**
**ONE ASHBURTON PLACE, ROOM 601 BOSTON, MA 02108**
**(617) 727-3990**

-DISMISSAL and NOTIFICATION of RIGHTS-          AUG 0 6 2003

| To: | Marvin M. Smith<br>28 Irma Street<br>Dorchester, MA 02124 | Case: Smith v. Rent-A-Center<br>MCAD Docket #: 01-13-0691<br>EEOC No: 16CA11155<br>Investigator: Jeannine Rice |
|-----|------|------|

Your complaint is dismissed for the following reason(s):

[  ]    The facts you allege fail to state a claim under any of the statutes the Commission enforces.

[  ]    Respondent employs less than the required number of employees.

[  ]    Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[  ]    You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[  ]    The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[  ]    The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[ X  ]  The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[  ]    Other:

**-NOTICE OF APPEAL-**

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this commission within 10 days after receipt of this notice. Your appeal of the dismissal must be made in writing by you or your attorney to the appeals clerk of this Commission. (Attention: Ms. Nancy To).

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, One Congress Street Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA and/or the ADA as amended.

_____                    Date: 7/08/03

Investigating Commissioner
Robert F. Friedman
Winstead
5400 Renaissance Tower
1201 Elm Street
Dallas, TX  775270

The Commonwealth of Massachusetts
Commission Against Discrimination
1 Ashburton Place, Boston, MA 02108

Marvin M. Smith                                             03-14-2001
28 Irma Street
Dorchester, MA 02124

                              RE:Marvin M. Smith
                              vs.:Rent-A-Center
                              Docket Number:01130691        
                              EEOC/HUD Number:

Dear Mr. Smith:

Please be advised that the Massachusetts Commission Against
Discrimination (MCAD) has assigned Jeannine Rice to investigate the
above referenced complaint of discrimination. The Commission's
investigator will review the allegations in the complaint and will
keep the parties informed of developments arising from that
investigation.

In order to reduce the time necessary to investigate and resolve
complaints of discrimination, the MCAD schedules an Investigative
Conference with the parties shortly after the complaint is filed.
Information about the Conference is included with this notice.

An Investigative Conference regarding the above complaint will be
held at the Commission's Office, 1 Ashburton Place, Boston, MA 02108
at 10:30AM on 04-17-2001. You are required to attend this conference
and your failure to do so will be taken as representing a lack of
interest on your part in pursuing this claim.

One important purpose of this conference will be to determine
whether the parties are willing to consider a rapid, informal and
voluntary resolution of this dispute. The Commission encourages such
resolution as an alternative to the often lengthy and expensive
litigation process.

If you have any questions pertaining to the Investigative
Conference, please contact Jeannine Rice at (617) 727-3990 Ext.
26091.

Very truly yours,


Jeannine Rice
Investigator
Form: MCAD Complaint; Ltr.to.Cpt

# COMMONWEALTH OF MASSACHUSETTS

Suffolk County Massachusetts Commission
Against Discrimination
No. 01.13.0691

**Marvin M. Smith**
      **Complainant.**

  vs.

**Rent-A-Center, Inc et al**
      **Respondents**



## AFFIDAVIT OF KEITH BODDEN

I, Keith Bodden, hereby depose and say:

1. I Keith Bodden, am a 26 year old Hondorian American, a citizen of the commonwealth. A resident of 21 Mascot Street, Mattapan, Massachusetts.

2. On or about the date of July 2000. I was employed at the Jamaica Plain, Massachusetts Rent-A-Center. I was hired as an account manager.

3. While employed at the Jamaica Plain, Massachusetts Rent-A-Center. I received several promotions, rising to manager at both the Jamaica Plain branch, and began as manager at the Brighton Massachusetts location in 2001.

4. During the months of December 2000- March 2001. I was Marvin M. Smith's day to day supervisor, at Rent-A-Center.

5. At all times during management at Rent-A-Center I considered Mr. Smith's employment at the Jamaica Plain Rent-A-Center to be that stores most valued asset. As Mr. Smith performed customer service related duties in the most dangerous area of Boston.

6. During Mr. Smith's employment at the Jamaica Plain Rent-A-Center, the unit saw growth in terms of increase in rentals with a B.O.R. of in excess of one thousand units and increase revenue.

7. Mr. Smith's employment at Rent-A-Center at all times, was as an account manager,