UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT -8 ᗡ 1: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| MARVIN M. SMITH<br>    Plaintiff, | ) ) ) |  |
| v. | ) ) | Civil Action No. 04-12032-PBS |
| DORCA GOMEZ, WALTER SULLIVAN,<br>JEAN CLANTON, JEANNINE RICE,<br>RENT-A-CENTER, INC., ROGER IVERSON,<br>WILLIAM COSTA AND KEVIN BELL<br>    Defendants. | ) ) ) ) ) ) |  |

### DEFENDANT RENT-A-CENTER INC.'S ANSWER

Defendant Rent-A-Center, Inc., ("RAC") hereby responds to plaintiff Marvin Smith's

("Smith" or "Plaintiff") Complaint as follows[1]:

#### I.    JURISDICTION

Smith's paragraph regarding jurisdiction states a conclusion of law to which no

response is required. To the extent a response is required, RAC denies the allegations in this

paragraph.

#### II. PRELIMINARY STATEMENT

Smith's Preliminary Statement is an introduction as to the contents of his Complaint to

which no response is required. To any extent a response is required, RAC denies the

allegations contained in the Preliminary Statement.

---

[1] To RAC's knowledge, Defendants William Costa, Kevin Bell and Roger Iverson have not been properly served
with the Complaint. RAC does not accept service on their behalf and states that defendants Costa and Bell are
not employees of RAC.
Boston:4170.1 047470.1002

## III. PARTIES

1.     RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 except that RAC admits that Smith was employed in the RAC Jamaica Plain, Massachusetts store for the time period relevant to Smith's Complaint.

2.     RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies same.

3.     RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies same.

4.     RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies same.

5.     RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies same.

6.     RAC admits it has been named as a defendant by Smith in this action but denies that RAC can be sued in an "individual" capacity.   RAC admits its corporate headquarters is located at 5700 Tennyson Parkway, Plano, TX 75024.   RAC denies the remaining allegations contained in paragraph 6.

7.     RAC admits that Roger Iverson has been named as a defendant by Smith in this action. RAC denies the remaining allegations contained in paragraph 7.

8.     RAC admits that William Costa has been named as a defendant by Smith in this action but denies the remaining allegations contained in paragraph 8.

9.     RAC admits that Kevin Bell has been named as a defendant by Smith in this action but denies the remaining allegations contained in paragraph 9.

- 2 -

## IV. STATEMENT OF FACTS

1.     RAC admits that on or about July 26, 2000, plaintiff began employment with RAC and was assigned to store number 1554, located in Jamaica Plain, Massachusetts.

2.     RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies same.

3.     RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 but states that the position held by the plaintiff often included the performance of duties such as customer service, product delivery, product preparation, collections, rental selling and the processing of rental agreements.

4.     RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies same.

5.     RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies same.

6.     RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies same.

7.     RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies same.

8.     RAC denies the allegations contained in paragraph 8.

9.     RAC denies the allegations contained in paragraph 9.

10.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies same.

11.    RAC denies the allegations contained in paragraph 11.

- 3 -

12.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies same.

13.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies same.

14.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies same.

15.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies same.

16.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies same.

17.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies same.

18.    RAC states that on January 15, 2001, plaintiff was not scheduled to work. RAC denies the remaining allegations contained in paragraph 18.

19.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies same.

20.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore denies same.

21.    RAC denies the allegations contained in paragraph 21.

22.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and therefore denies same.

23. RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and therefore denies same.

24. RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies same.

25. RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies same.

26. Upon information and belief, RAC admits that plaintiff was suspended for approximately one week on or about March 1, 2001. RAC is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 and therefore denies same.

27. RAC admits that, after plaintiff abandoned his job, plaintiff was subsequently terminated on or about March 9, 2001.

28. Plaintiff's charge filed with the Massachusetts Commission Against Discrimination speaks for itself.

29. RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore denies same.

30. RAC states that the Position Statement submitted on behalf of RAC, filed with the Massachusetts Commission Against Discrimination, speaks for itself.

31. RAC denies the allegations contained in paragraph 31.

32. RAC denies the allegations contained in paragraph 32.

33. RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies same.

34.    RAC denies the allegations contained in paragraph 34.

35.    RAC denies the allegations contained in paragraph 35.

36.    RAC states that plaintiff's rebuttal to the Position Statement filed on behalf of RAC at the Massachusetts Commission Against Discrimination speaks for itself. RAC is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 and therefore denies same.

37.    RAC denies the allegations contained in paragraph 37.

38.    RAC states that plaintiff's rebuttal to the Position Statement filed on behalf of RAC at the Massachusetts Commission Against Discrimination speaks for itself. RAC is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 and therefore denies same.

39.    RAC denies the allegations contained in paragraph 39.

40.    RAC states that its pleadings filed with the Massachusetts Commission Against Discrimination speak for themselves. RAC is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 and therefore denies same.

41.    RAC states that the rulings issued by the Massachusetts Commission Against Discrimination speak for themselves. RAC is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 and therefore denies same.

42.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore denies same.

Boston:4170.1 047470.1002

43.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and therefore denies same.

44.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and therefore denies same.

45.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and therefore denies same.

46.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and therefore denies same.

47.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and therefore denies same.

48.    RAC is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and therefore denies same.

49.    Paragraph 49 is a statement of plaintiff's claim to which no factual response is required.  To the extent any response is required, RAC denies the allegations contained in paragraph 49.

50.    RAC denies the allegations contained in paragraph 50.

51.    RAC states that the allegations in paragraph 51 are not directed toward defendant RAC and therefore no response from RAC is required.  To the extent a response from RAC is required, RAC denies the allegations contained in paragraph 51.

52.    RAC states that states that the allegations in paragraph 52 are not directed toward defendant RAC and therefore no response from RAC is required.  To the extent a response from RAC is required, RAC denies the allegations contained in paragraph 52.

- 7 -

53.    RAC denies the allegations contained in paragraph 53.

54.    RAC denies the allegations contained in paragraph 54.

## V. LEGAL CLAIMS

I.    MASSACHUSETTS GENERAL LAWS CHAPTER 30A, §14(7)
<u>ABUSE OF DISCRETION</u>

This cause of action is not, and cannot be, directed toward defendant RAC and therefore RAC does not answer. To the extent a response is required, RAC denies the allegations contained in Count I.

II.    MASSACHUSETTS GENERAL LAWS CHAPTER 30A, §14(7)
<u>CLEARLY ERRONEOUS FINDINGS</u>

This cause of action is not, and cannot be, directed toward defendant RAC and therefore RAC does not answer. To the extent a response is required, RAC denies the allegations contained in Count II.

III.    MASSACHUSETTS GENERAL LAWS CHAPTER 93A § 2A
<u>FRAUD AND DECEIT</u>

RAC denies the allegations contained in Count III and further states that Count III must be dismissed because M.G.L. c. 93A does not apply to any employment related claims.

IV.    ON THE JOB RACIAL DISCRIMINATION IN EMPLOYMENT IN VIOLATION
OF MASS. GEN. LAWS CHAPTER 151B
<u>SECTION 4(1) DISPARATE TREATMENT</u>

RAC denies all allegations contained in Count IV.

V.    ON THE JOB RACIAL DISCRIMINATION IN EMPLOYMENT IN
VIOLATION OF MASS. GEN. LAWS CHAPTER 151B SECTION 4(1)
<u>LACK OF PROMOTION</u>

RAC denies all allegations contained in Count V.

Boston:4170.1 047470.1002

## VI.   ON THE JOB RACIAL DISCRIMINATION IN EMPLOYMENT IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B SECTION 4(1), DEPRIVATION OF JOB RESPONSIBILITY

RAC denies all allegations contained in Count VI.

## VII.   ON THE JOB RACIAL DISCRIMINATION IN EMPLOYMENT IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B SECTION 4(1) LACK OF PAY INCREASE

RAC denies all allegations contained in Count VII.

## VIII.   ON THE JOB RACIAL DISCRIMINATION IN EMPLOYMENT IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B SECTION 4(1) WRONGFUL DISCHARGE

RAC denies all allegations contained in Count VIII.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim on which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to exercise reasonable diligence in mitigating his alleged damages.

### FOURTH DEFENSE

Any and all actions taken by RAC with respect to Plaintiff's employment were taken for legitimate, nondiscriminatory reasons.

Boston:4170.1 047470.1002

## FIFTH DEFENSE

Any and all actions taken by RAC with respect to Plaintiff's employment were taken by reason of business necessity.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of at-will employment.

## SEVENTH DEFENSE

Plaintiff is not entitled to punitive damages.

## EIGHTH DEFENSE

Plaintiff is barred from recovering any relief by the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiff is estopped and barred by his own conduct from recovering any relief.

## TENTH DEFENSE

Insofar as Plaintiff purports to allege a claim or claims for physical or mental and emotional distress, including claims for recovery of any remedial expenses thereby incurred, such claims are barred by the exclusive remedy provision of the Massachusetts workers' compensation law.

## ELEVENTH DEFENSE

At all times relevant to the allegations in the Complaint, RAC had an effective policy for the prevention and correction of unlawful discriminatory practices.  Notwithstanding the existence of this policy, Plaintiff unreasonably failed to utilize it in connection with the allegations of unlawful discrimination asserted herein.

Boston:4170.1 047470.1002

TWELFTH DEFENSE

Plaintiff's M.G.L. c. 93A claim must be dismissed because it does not apply to employment related disputes.

Defendants reserve the right subsequently to assert other defense of which they may become aware during the course of this proceeding.

WHEREFORE, RAC demands judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Respectfully submitted,

RENT-A-CENTER, INC.

By its attorneys,

Suzanne M. Suppa (BBO #565075)
Laurie Drew Hubbard (BBO #651109)
Littler Mendelson, P.C.
One International Place, 27th Floor
Boston, MA 02110
(617) 378-6000

Dated:  October 8, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the plaintiff (pro se) by mail on this 8th day of October.

Suzanne M. Suppa

Dated:  October 8, 2004

Boston:4170.1 047470.1002