UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Marvin M. Smith,
    Plaintiff.

v.

Rent-A-Center, Inc., et al.
    Defendants

CIVIL ACTION
NO. 04-12032-PBS

## MOTION TO REMAND

Now comes the Plaintiff Marvin M. Smith, and moves this pursuant to 28 U.S.C. § 1447(c), Motion to Remand. In support of the requested relief, Plaintiff states, Defendant Rent-A-Center, Inc., has failed to establish that court has Federal Jurisdiction over subject matter.

Background:

Plaintiff, a former employee of Rent-A-Center, Inc., Whom commenced a Civil action against the Defendants Rent-A-Center, Inc., Kevin Bell, William Costa and Roger Iverson, charging race base termination from employment. N.1/ Specifically

---

N.1/Plaintiff additionally, named Employees of the States Anti-Discrimination Agency, as Defendants. Defendant won judgment pursunt to Mass. Rules. Civ. P. 12(b)(1)(6) On the date of July 23, 2004. Order attached herein as Exhibit-A.

alleging a disparate in treatment, lack of promotion, deprivation of job responsibility, lack of pay increase, wrongful discharge, in violation of the States Antidiscrimation Statute. In addition, Plaintiff charged the Defendants with Deceit and Fraud pursuant to the States Consumer protection act. Mass. Gen. Laws. Ch. 93A § 2A, for their acts during the process of complaint before the Massachusetts Commission Against Discrimination.

After several months of the Defendants avading Service by the Norfolk County Sheriff's Department's Process of Service. Plaintiff was able to complete Service on all Defendants.(See Exhibit-B)

Defendant Rent-A-Center, Inc., has now sought relief from the Federal Court, on the date of September 20, 2004. (See Exhibit-C) A form of relief, that the Defendants are not entitled to.

I. <u>Federal Court Lacks Jurisdiction of Subject Matter pursuant to 28 U.S.C. § 1332</u>

Plaintiff states, the burden of proving the existence of Federal Court Jurisdiction is on the Defendant, who is seeking the removal of Plaintiff's action from chosen Forum to the

-3-

Federal Court.

The Federal Statute, by which the Defendant seek removal of Plaintiff's action provides, that removal may be had by the Defendant; but generally, removability must be found in the averments of the Plaintiff, which demonstrates the Federal Courts jurisdiction. (See 28 U.S.C. § 1441)

Plaintiff states, that all Plaintiff's averments, lack a Federal claim for relief, and since all cause of action cited in Plaintiff's complaint are State Law claims, this court does not have original jurisdiction over the subject matter, nor has the Defendant demonstrated such claim.

The Federal Court should only remove when it has Federal jurisdiction over subject matter; in as much as the Plaintiff, Rent-A-Center, Inc., Kevin Bell, William Costa and Roger Iverson are citizens of the Commonwealth of Massachusetts, there isn't a complete diversity of citizenship, in order for the court to have jurisdiction over the subject matter.

II.     <u>Federal Court lacks juridiction over Subject matter Pursuant to 28 U.S.C. § 1441</u>

28 U.S.C. § 1441(b), limits the removal of suit where jurisdiction is based on diversity of citizenship by providing that such action are removable only if none of the properly joined and served Defendants, is a citizen of the State in which the suit is brought.

-4-

Plaintiff ask, that this court interpret the removal statute narrowly, and presume that Plaintiff may choose his forum; any doubt regarding jurisdiction should be resolved in favor of remanding the mmatter to the Suffolk Superior Court.

Again, the Defendant has the burden of showing that the Court has jurisdiction of subject matter. Defendants showing, has been to state "Plaintiff has not affected proper service on Defendant.."(See Exhibit-C) This position is irrelevant, as a matter of law to the court's determination whether diversity of citizenship exists, and whether the case was properly removed.

It is axiomatic that there must be complete diversity of citizenship (i.e.) no Plaintiff and no Defendants may be citizen of the same state, before a District Court accepts diversity jurisdiction pursuant to the removal statute 28 U.S.C. § 1441. Accordingly, the Plaintiff ask, that the Court find the citizenship of Kevin Bell, William Costa and Roger Iverson cannot be disregarded in determining whether this case was properly removed. (See Exhibit-B) As Plaintiff and Defendants are of the same state.

III. <u>Defendant Rent-A-Center Inc., are Forum Shopping</u>

Plaintiff states, that the Defendants are attempting to shop for a forum, that will allow them to affectively evade

-5-

both liability and Massachusetts interpretation of the States Antidiscrimination statute M.G.L. ch. 151B, § 4. (See Reeves v. Sanderson Plumbing Products Inc., 120 S.Ct. 2097, 2104(2000)

As a result of Reeves v. Sanderson Plumbing Products Inc., Supra. and Abramian v. President & Fellows of Harvard College, 432 Mass. 107, 115-119 (2000) decisions, Massachusetts law is now in accord with Federal law and the law of most other states on some points. Although the distinction between Federal and Massachusetts law has been substantially narrowed, it has not been entirely eliminated. There is still a distinction over whether some cases are insufficient to reach a jury, despite threshold showing of a prima facie case and pretext. In dicta, both Reeves v. Sanderson Plumbing - Products Inc., supra., and Abramian v. President & Fellows of Harvard College, Supra., addressed this issue but in opposite directions. And this has a strong possibility of being a issue here.

As well, the States high Court has clarified the method of proof for mixed motive cases(Wynn & Wynn, P.C. v. MCAD, 431 Mass 655(2000) presented the court with its first opportunity to address this issue since the Supreme Court's decision in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), which shifted the burden of persuasion to the employer in these cases. But since Price Waterhouse v. Hopkins, Supra., Massachusetts courts

-6-

differed over whether Massachusetts followed <u>Price Waterhouse</u> v. <u>Hopkins</u>, <u>Supra</u>., or its own earlier precedent, under which the burden of persuasion remained with the employee at all times. The States high Court, came down on the side of <u>Price Waterhouse</u> v. <u>Hopkins</u>, holding that the burden shifts to the Defendant who can avoid liability only by proving an affirmative defense that it would have made the same decision even without the illegitmate motive. This will almost certainly be a element, before this court to interpret, as will several other such issues, forewhich the Defendant has sought to avoid liability for, by attempting to move this matter, into a forum that appears to be more defense friendly.

Massachusetts law is now closer to Federal Law on several relevant issue in my matter, but Massachusetts law is still different from Federal law on the key issue of dispute between this party. Plaintiff seeks, Massachusetts Court interpretation of the States Antidicrimination law and issues.

## Conclusion:

Plaintiff request, that Court grant the requested Relief, finding, that the Defendant, has failed to show, a diveristy of citizenship, and order remand to the Suffolk Superior Court.

Dated: 10/13/04

Marvin M. Smith
W-81728
Old Colony Correctional Center
1 Administration Road
Bridgewater, Mass 02324

**EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

MARVIN SMITH, )  Notice sent
  Plaintiff, ) 7/29/2004
 ) M. S. B.
v. ) M. M. S.
 )
DORCA GOMEZ, WALTER SULLIVAN, ) Civil Action No. 03-5898-A
JEAN CLANTON, JEANNINE RICE, )
RENT-A-CENTER, INC., ROGER ) (sc)
IVERSON, WILLIAM COSTA and KEVIN )
BELL, individually and in their official )
capacities, )
  Defendants. )

### DEFENDANTS DORCA GOMEZ, WALTER SULLIVAN, JEAN CLANTON AND JEANNINE RICE'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Pursuant to Mass. R. Civ. P. 12(b)(1) & (6), the Defendants Dorca Gomez, Walter Sullivan, Jr., Jean Clanton and Jeannine Rice hereby move to dismiss the portion of the amended complaint of the Plaintiff Marvin M. Smith against them. For the reasons set forth in the attached memorandum, the Plaintiff's complaint should be dismissed for lack of jurisdiction and failure to state a claim upon which relief may be granted.

[Handwritten margin notes:]
7/23/04 after hearing and consideration, and review of these defendants' ("MCAD defendants") motion to dismiss the complaint and amended complaint and plaintiff's emerging motion for relief from judgment, plaintiff's complaint and and verified opposition to the motion to dismiss, and supporting memoranda and plaintiff's opposition to the motion to dismiss, plaintiff's reply to "MCAD defendants' counsel misleading 6/14/04 communication" and associated correspondence and exhibits, motion to dismiss allowed for the reasons stated in the MCAD defendants' memorandum in support of this motion.

Troy J. B.

[Stamp:] 2004 MAY 17 P 12:52 SUFFOLK SUPERIOR COURT CIVIL CLERK'S OFFICE

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

10/05/2004
11:48 AM

**EXHIBIT B**

### SUCV2003-05898
### Smith, W81728 v Gomez, individually et al

| | | | |
|---|---|---|---|
| File Date | 12/16/2003 | Status | Disposed: transfered to other court (dtrans) |
| Status Date | 09/22/2004 | Session | A - Civil A |
| Origin | 1 | Case Type | E02 - Admin agency appeal (30A) |
| Lead Case | | Track | X |

| | | | | | |
|---|---|---|---|---|---|
| Service | 03/15/2004 | Answer | 05/14/2004 | | |
| Rule 15 | | Discovery | | Rule12/19/20 | |
| Final PTC | 06/13/2004 | Disposition | 07/13/2004 | Rule 56 | |
| | | | | Jury Trial | No |

### PARTIES

**Plaintiff**
Marvin M. Smith, W81728
One Administration Road
Bridgewater, MA 02324
Phone:
Active 12/16/2003 Notify

**Defendant**
Dorca I Gomez, individually
Suspend time stan re party 04/01/2004

**Private Counsel 629169**
Matthew S Buehler
Mass Comm Against Discrimination
1 Asburton Place
6th floor Room 601
Boston, MA 02108
Phone: 617-994-6000
Active 03/09/2004 Notify

**Defendant**
Dorca I Gomez, Chairwomen Mass Commission Against Discrimination
Suspend time stan re party 04/01/2004

**Defendant**
Walter Sullivan Jr, individually
Suspend time stan re party 04/01/2004

**Private Counsel 629169**
Matthew S Buehler
Mass Comm Against Discrimination
1 Asburton Place
6th floor Room 601
Boston, MA 02108
Phone: 617-994-6000
Active 03/09/2004 Notify

ase01 233968 y y y y y

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

10/05/2004
11:48 AM

## SUCV2003-05898
### Smith, W81728 v Gomez, individually et al

**Defendant**
Walter Sullivan Jr, Investigating Comr Mass Commission Against Discrimi
Suspend time stan re party 04/01/2004

**Defendant**
Jean A Clanton, individually
Suspend time stan re party 04/01/2004

**Private Counsel 629169**
Matthew S Buehler
Mass Comm Against Discrimination
1 Asburton Place
6th floor Room 601
Boston, MA 02108
Phone: 617-994-6000
Active 03/09/2004 Notify

**Defendant**
Jean A Clanton, Supervisor Mass Commission Against Discrimination
Suspend time stan re party 04/01/2004

**Defendant**
Jeannine Rice, individually
Suspend time stan re party 04/01/2004

**Private Counsel 629169**
Matthew S Buehler
Mass Comm Against Discrimination
1 Asburton Place
6th floor Room 601
Boston, MA 02108
Phone: 617-994-6000
Active 03/09/2004 Notify

**Defendant**
Jeannine Rice, Investigator Mass Commission Against Discrimin
Suspend time stan re party 04/01/2004

Case 1:04-cv-12032-PBS   Document 6   Filed 10/18/2004   Page 10 of 18

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

10/05/2004
11:48 AM

SUCV2003-05898
Smith, W81728 v Gomez, individually et al

**Defendant**
Rent-A-Center Inc
Suspend time stan re party 04/01/2004

**Private Counsel 565075**
Suzanne M Suppa
Littler Mendelson Fastiff & Tich
225 Franklin street
Boston, MA 02110
Phone: 617-217-2831
Active 09/22/2004 Notify

**Private Counsel 651109**
Laurie D Hubbard
225 Franklin St
26th Floor
Boston, MA 02110
Phone: 617-217-2831
Fax:
Active 09/22/2004 Notify

**Defendant**
Roger Iverson, individually
Suspend time stan re party 04/01/2004

**Defendant**
Roger Iverson, Regional Manager Mass
Rent-A-Center
Served: 03/25/2004
Served (answr pending) 04/12/2004

**Defendant**
William Costa, individually
Suspend time stan re party 04/01/2004

**Defendant**
William Costa, Market Manager Central Boston
Rent-A-Center Inc
Served: 03/25/2004
Served (answr pending) 04/12/2004

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

10/05/2004
11:48 AM

### SUCV2003-05898
### Smith, W81728 v Gomez, individually et al

**Defendant**
Kevin Bell, individually
Suspend time stan re party 04/01/2004

**Defendant**
Kevin Bell, Manager Jamaica Plain Mass
Rent-A-Center Inc
Served: 03/25/2004
Served (answr pending) 04/12/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/16/2003 | 1.0 | Complaint |
| 12/16/2003 | | Origin 1, Type E02, Track X. |
| 12/16/2003 | 2.0 | Civil action cover sheet filed |
| 01/08/2004 | 3.0 | Motion of plff for service by certified mail (w/o opposition) |
| 01/08/2004 | 4.0 | Affidavit of plff Marvin M Smith in support of plff's motion for service by certified mail |
| 01/20/2004 | | Ruling: MOTION (P#3) DENIED for lack of showing of necessity. plff may seek permission for service by registered Massachusetts constable as a special process server, or he may use the appropriate County Sheriff. (Mitchell J. Sikora, Justice) Notices mailed January 15, 2004 (entered 1/13/04) |
| 03/29/2004 | 5.0 | Motion of plff for alternative process of service (w/o opposition) |
| 03/30/2004 | 6.0 | Motion of plff to enlarge time to make process of service on defts Rent-A-Car, Inc, Kevin Bell, William Costa & Roger Iverson (w/o opposition) |
| 03/31/2004 | 7.0 | Affidavit of Marvin M Smith in support of motion to enlarge time |
| 04/01/2004 | | Suspend time standards re Defendants: (See Motion P#6 to enlarge time to complete service (Motion still pending) |
| 04/01/2004 | | Case status changed to 'Needs status review' at service deadline review |
| 04/07/2004 | | MOTION (P#6) Ruling: ALLOWED in reliance upon the representation that the Norfolk Deputy Sheriffs have been unable to accomplish service by March 15, 2004. Order: The deadline for service shall extend to May 15, 2004. Plaintiff shall by then eithr document service or all unsuccessful efforts to achieve service (Sikora, Justice) (Dated 4/2/04) Notices mailed April 05, 2004 |
| 04/07/2004 | | MOTION (P#5) Ruling and Order: (1) DENIED (without prejudice (2) Plaintiff Smith has not furnished the court with a copy of the return commmunication from the Norfolk Sheriff's Deputies describe plaintiff inability to make personal service on the defendants at 378 Page |

case01 233968 y y y y y

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

10/05/2004
11:48 AM

## SUCV2003-05898
### Smith, W81728 v Gomez, individually et al

| Date | Paper | Text |
|---|---|---|
| 04/08/2004 | 8.0 | Street, Stougton. Exhibit D is not such a communication. (3) A copy of the Sheriffs report shall be due by close of April 30, 2004 (Sikora, Justice) (Dated 3/31/04) Notices mailed April 02, 2004 |
| 04/12/2004 | 9.0 | Defts Dorca Gomez Walter Sullivan Jean Clanton and Jeannine Rice motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief may be granted (w/o opposition) |
| 04/12/2004 | 10.0 | SERVICE RETURNED: Roger Iverson, Regional Manager Mass Rent-A-Center(Defendant) (in hand 3/25/04) |
| 04/12/2004 | 11.0 | SERVICE RETURNED: Kevin Bell, Manager Jamaica Plain Mass Rent-A-Center Inc(Defendant) (in hand 3/25/04) |
| 04/13/2004 | | SERVICE RETURNED: William Costa, Market Manager Central Boston Rent-A-Center Inc(Defendant) (in hand 3/25/04) |
| 04/20/2004 | 13.0 | MOTION (P#8) ALLOWED (Paul E. Troy, Justice) Notices mailed April 13, 2004 |
| 04/21/2004 | 12.0 | Plaintiff Marvin M Smith's / Motion of opposition to the defendants Dorca Gomez, Walter Sullivan Jean Clanton and Jeannine Rice's Motin to Dismiss for lack of jurisdiction and failure to state a clim upon which relief may be granted |
| 04/22/2004 | 14.0 | JUDGMENT ON MOTION TO DISMISS (MASS R CIV P  12(b)  That the complaint of plff is Dismissed against defts  Dorca Gomez, Walter Sullivan Jean Clanton and Jannine Rice  and defts recover costs entered on docket pursuant to Mass R Civ P 58(a) and notice sent to parties pursuant to Mass R Civ P 77(d) Troy J |
| 04/26/2004 | 15.0 | Plff's emergency motion for relief from judgment and for rule 59 reconsideration  (w/o oppposition) |
| 05/17/2004 | 16.0 | Reply of defts Dorca Gomez, Walter Sullivan, Jean Clanton and Jeannine Rice to plff's emergency motion for relief from judgment & Rule 59 reconsideration |
| 05/20/2004 | 17.0 | defts Dorca Gomez walter Sllivan Jean Clanton and Jeannine  Rice motion to dimsiss plff's amended complaint  (w/opposition) |
| 05/20/2004 | 18.0 | Motion of plff to further extend time to file process service on the deft Rent A Car  (w/o opposition) |
| 08/02/2004 | | Petition for writ of habeas corpus ad  testificandum |
| 09/02/2004 | 19.0 | MOTION (P#14) DENIED for the reasons stated in the court's allowance of the motion of there defts to dismiss plff's amended complaint (paper#16) (Troy, Justice) Notices mailed July 29, 2004 (entered 7/23/04) |
| 09/02/2004 | 20.0 | Motion of plff for entry of default judgment against defts Rent-A-Center, Inc, Kevin Bell, William Costa & Roger Iverson under Rule 55(a) (w/o opposition) |
| 09/21/2004 | | Affidavit of plff Marvin M Smith in support of motion for entry of default judgment |
| | | MOTION (P#19)  Prelimiminary ruling and order  (1) The plff's supporting affidavit reports that he commenced this action on December 16, 2003 and that he achieved service on the defts on November 25, and May 7, 2004  respectivly  (2) Mass rules of  civil |

case01 233968 y y y y y

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

10/05/2004
11:48 AM

### SUCV2003-05898
### Smith, W81728 v Gomez, individually et al

| Date | Paper | Text |
|---|---|---|
| 09/21/2004 | | procedure requires a plff to complete service by close of 90 days from commencement or else "show good cause why such service was not made within that period" If the plff fails to show "good cause" the rule commands the judge to dismiss the action withou prejudice (3) Therefore the plff must submit papers showing "good cause" for the failure to make service within the original 90 days they should submit such papers by close of October 20, 2004 (Sikora,J) Notice Sent 9/21/04 (entered 9/20/04) |
| 09/22/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Rent-A-Center, Inc.U. S. Dist.#(04-12032PBS). Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 05/26/2004 | Civil A | Motion/Hearing: Reconsideration | Event not reached by Court |
| 06/11/2004 | Civil A | Motion/Hearing: miscellaneous   This is a video conference. Be prepared to discuss any and all outstanding issues | Event held as scheduled |

ase01 233968 y y y y y y

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARVIN M. SMITH )
    Plaintiff, )
 )
v. )
 )
DORCA GOMEZ, WALTER SULLIVAN, )
JEAN CLANTON, JEANNINE RICE, )
RENT-A-CENTER, INC., ROGER IVERSON, )
WILLIAM COSTA AND KEVIN BELL )
    Defendants. )

EXHIBIT C

## PETITION FOR REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Rent-A-Center, Inc. ("Defendant"), through its undersigned counsel and pursuant to 28 U.S.C. § 1441, hereby notices the removal of the above-captioned matter from the Suffolk Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. In support of removal, Defendant states as follows:

1. The above-captioned matter was docketed in the Suffolk Superior Court, Commonwealth of Massachusetts, on or about December 16, 2003. Copies of the Summons, Civil Action Cover Sheet, Verified Complaint and attachments, Plaintiff's Notice of Change of Address, Plaintiff's Motion for Entry of Default Judgment, Affidavit of Marvin M. Smith in Support of Motion for Entry of Default Judgment, and the Court's Order on Plaintiff's Renewed Motion for Alternative Process of Service on the Defendant Rent-A-Center, Inc. are attached to

this Petition as <u>Exhibit A</u> and constitute all processes, pleadings and orders served upon Defendant in this action to the present date.[1]

2. Defendant was served with the Complaint and Summons on or about September 8, 2004.

3. This Petition for Removal is being filed within thirty (30) days after receipt by Defendant of a copy of the Complaint and Summons by service and is timely filed under 28 U.S.C. §1446(b).

4. Defendants Dorca Gomez, Walter Sullivan, Jean Clanton, and Jeannine Rice are no longer parties to this action as the Massachusetts Superior Court dismissed plaintiff's claims against them on April 21, 2004.

5. Plaintiff has not affected proper service on defendants Roger Iverson, William Costa and Kevin Bell.

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

7. Plaintiff is a citizen of the State of Massachusetts. He is an individual and a resident of the State of Massachusetts. (<u>See</u> Exhibit A (Summons)).

8. Since before the time it was served with the Complaint in the Civil Action, Defendant has not been a citizen of the State of Massachusetts. Defendant was then and is now a corporation existing under the laws of the State of Delaware. Defendant's principal place of business was then and is now in the State of Texas. Its main office for all of its business was then and is now located in Plano, Texas. (<u>See</u> Exhibit A (Verified Complaint)).

9. Although the Complaint does not specify the precise amount of damages sought, there is a "reasonable probability" that Plaintiff seeks to recover a sum of at least $75,000.

---

[1] The Summons and Verified Complaint were served upon Defendant by "alternative means" pursuant to the Superior Court's Order on Plaintiff's Renewed Motion for Alternative Process of Service on the Defendant Rent-A-Center, Inc, dated July 23, 2004.

Plaintiff seeks to recover back pay in the amount of $72,000, in addition to "compensatory damages and emotional distress and punitive damages" against Defendant. (See Exhibit A (Verified Complaint at 30-31)). Plaintiff also seeks to recover the cost of suit, including attorneys fees. (See id.). This Court accordingly has jurisdiction over the state court action by virtue of the parties' diversity of citizenship. See 28 U.S.C. § 1332(a).

10. Pursuant to Local Rules 3.1 and 4.5 of this Court, a civil cover sheet, civil category sheet and filing fee of $150.00 are enclosed with this Petition for Removal.

11. A copy of this Petition for Removal and a Notice of Removal have this day been served by first class mail to Plaintiff, and have been served by hand to the Suffolk Superior Court for filing pursuant to 28 U.S.C. §1446(d).

12. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1(a), Defendant will file certified or attested copies of all records and proceedings in the state court action and certified or attested copies of all docket entries therein, including a copy of this Petition for Removal, with this Court within thirty (30) days after filing of this Petition.

WHEREFORE, Defendant respectfully requests that this action be removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,

RENT-A-CENTER, INC.

By its attorneys,

_____
Suzanne M. Suppa (BBO #565075)
Laurie Drew Hubbard (BBO #651109)
Littler Mendelson, P.C.
225 Franklin Street, 26th Floor
Boston, MA 02110
(617) 217-2831

Dated: September 20, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the plaintiff and all counsel of record, by mail on this 20th day of September.

Dated: September 20, 2004                Suzanne M. Suppa

Boston:3857.1 047470.1002

CERTIFICATION OF SERVICE

I, Marvin M. Smith, did cause the foregoing Motion To Remand, to be served upon Counselor Suzanne M. Suppa, of the law Offices Littler Mendelson, 1 International Place Suite 2700 Boston, Massachusetts 02110, by mailing the same to Defendants Counsel, on this 13th, date of October 2004, United States Postage Service.

Marvin M. Smith