UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Marvin M. Smith,
    Plaintiff.

v.

    CIVIL ACTION
    NO. <u>04-12032-PBS</u>

Rent-A-Center, Inc., et al.
    Defendants.

## PLAINTIFF'S PRE-TRIAL ORDER

Now comes the Plaintiff Marvin M. Smith, pursuant to Fed. Rules. Civ. P. 16(b); Local Rule 16.1(b)(c), and Courts September 28, 2004, order and submit Plaintiff's tentative Pre-Trial Order.

## LEGAL ISSUES BEFORE THE COURT

Plaintiff requests, that the Court apply the Massachusetts Anti-discrimination statute M.G.L. Ch. 151B, § 4. As Plaintiff relies on the familar three stage analysis set forth by the States Supreme Judicial Courts decision in <u>Blare v. Husky Injection Molding Systems Boston, Inc.</u>, 419 Mass 437, 444-445(1995); <u>Abramian</u> v. <u>Harvard College</u>, 432 Mass. 107, 116-119(2000); <u>Lipchitz</u> v. <u>Raytheon Co.</u> 434 Mass. 493,502(2001).

Plaintiff understands, that Plaintiff bores, as a matter of law, the initial burden of establishing a prima facie case of racial discrimination.

Plaintiff states, he will establish that Defendants Rent-A-Center, Inc., Kevin Bell, William Costa and Roger Iverson

-2-

liable, through credible evidence and material testimony from Plaintiff's witnesses, that the Defendants termination of Plaintiff from employment was racially motivated, in violation of M.G.L. Ch. 151B, § 4. When the Defendants: (1). Failed to Promote Plaintiff. (2). Failed to provide Pay Increase. (3). Deprivation in Job Responsibility. (4). Wrongful Discharge and (5). The Disparate Treatment.

Plaintiff states further, that contingent upon Defendants compliance with both Plaintiff's Discovery and Interrogatories request, Plaintiff will persuade this court, by a fair preponderance of evidence, that the Defendants proffered reason for its termination decision was not the real reason but is a pretext for discrimination.

1. Plaintiff makes a claim under states Antidiscrimination Statute M.G.L. Ch. 151B, § 4, that prohibits Defendants Rent-A-Center, Inc., Kevin Bell, William Costa and Roger Iverson from discriminating against Plaintiff in the terms and conditions of Plaintiff's Employment at Rent-A-Center, Inc., because of race. More specifically, the Plaintiff claims that:

   (a). Defendants Disparate Treatment between African American's and Hispanic Employees at Rent-A-Center, Inc., Unit 1554, in violation of M.G.L. Ch. 151B, § 4. Matthew v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 129(1997): Lipchitz v. Raytheon Co. Supra. at 502.

-3-

(b). Defendant's Failure to Promote Plaintiff based on race. In violation of M.G.L. Ch. 151B, § 4. <u>City of Boston</u> v. <u>MCAD</u>, 47 Mass. App. Ct. 816, 821 822(1999).

(c). Defendant's Lack of Pay Increase to Plaintiff based on race. In violation of M.G.L. Ch. 151B, § 4. <u>City Of Boston</u> v. <u>MCAD</u>, Supra. at 821-822.

(d). Defendant's racially motivated act of Deprivation of Job Responsibility, and as a pre-textual reasoning for racially motivated termination from employment, in violation of M.G.L. Ch. 151B, § 4. <u>City of Boston</u> v. <u>MCAD</u>, Supra. at 822.

(e). Defendants wrongful Discharge of Plaintiff, in violation of M.G.L. Ch. 151B, § 4. <u>City of Boston</u> v. <u>MCAD</u>, Supra. at 822.

2.   Plaintiff's additional charge of Fraud and Deceit in violation of M.G.L. Ch. 93A, § 2A. States Consumer Protection Act.

<u>WITNESS LIST</u>

Plaintiff submits the following named witnesses, all of whom, are were Employee's or former Employee's of the Rent-Center, Inc., assigned to Unit 1554. And at all relevant time were so employed and assigned. In addition, this is a tentative list of witnesses, that are subject to change based on the Defendants compliance with Plaintiff's Request for both

-4-

Discovery and Interrogatories. As well, this Plaintiff's Witness List, is contingent upon that supra., as well, the Defendant willingness to submit to Admissions.

1. Douglas Angle, Former Manager/Assistant Manager, Inside/Outside Manager at Unit 1554, during the Plaintiff's Employment and assignment at Rent-A-Center, Inc. Mr. Angle's current address is Perkin Street Jamaica Plain, Massachusetts. 02130. And his testimony, is to support Plaintiff's charges of Racial preference, by the Defendant's in both promotion's, pay increase and termination. Mr. Angle, is expected to testify fully, to the disparate of treatment between the Plaintiff (a African American) and Hispanic Employee's. As a Victim of the Defendants preferential treatment. In addition, Mr. Angles, testimony is also necessary, as evidence of pre-text, the Defendants claim, that Plaintiff, has now been terminated from employment, for abandonment of Plaintiff's Job.

2. Keith Bodden, Former Manager/Assistant Manager, Inside/Outside Manager and fellow Account Manager at Unit 1554, during the Plaintiff's employment and assignment at Rent-A-Center, Inc. Mr. Bodden, current address is Mascot Street Mattapan, Massachusetts 02125. Mr. Bodden's testimony, is to further support Plaintiff's charges of racial preference, by the Defendant's in both the promotion's, pay increases and termination. Mr. Bodden, is also expected to testify fully, to the disparate treatment between the Plaintiff and Hispanic employee's. In addition, Mr. Bodden's, testimony is need to put to rest, the Defendant's false declaration, that Mr. Bodden, is a African American, whom the Defendants promoted to Higher management, a claim, that allowed/ won them judgment in state agency forum. As well, Mr. Bodden's testimony, is

anticipate, to also address, issues of the Plaintiff Job performance and the deprivation of Plaintiff's Job Responsibilities. As well, Mr. Bodden, will offer the Court a clear understanding of the pre-textual termination motivation, originally cited in Defendants action for suspending and terminating Plaintiff from employment. The failure to meet company collection standards, was is pre-textual.

3. Donny Cruz, former fellow Account Manager at Unit 1554 Rent-A-Center, during the Plaintiff's employment and assignment at Rent-A-Center. Mr. Cruz's current address is Mozart Street Jamaica Plain, Massachusetts 02130. Mr. Cruz, was the employee similar situated, that the Defendants were unable to identify, during prior proceedings. Mr. Cruz, was is, the Rent-A-Center Unit 1554 employee that preceded the Plaintiff as Route One Unit 1554 Account Manager. Mr. Cruz, was allegedly removed from Route One, for failure to meet company standards, but was neither orally or written form discipline. As well, terminated as a employee at Rent-A-Center for his failures. Mr. Cruz's testimony, will also, supports Plaintiff's claim, that Route One at Unit 1554, was a abused route, that was being Managed by the Defendants Costa and Iverson, in violation of alleged Goble Collection standards. Mr. Cruz, will also identify family members, he had assigned to Route One, and the articles of property they held, as well identify, the method used for collection on such accounts.

4. Melvin Perdomo, former Manager at Unit 1554 Rent-A-Center, during the Plaintiff's Employment and assignment at Rent-A-Center, Inc. Mr. Perdomo's current address is Quincy Street Dorechester, Massachusetts 02124. Mr. Perdomo's testimony is anticipated, to support Plaintiff's claim, that Plaintiff's termination from Rent-A-Center, Inc., was in

retaliation for the Plaintiff's observance of the Martin Luther King Birthday. Mr. Perdomo's testimony will support Plaintiff's claim, that the Defendant William Costa, after contact Manager Perdomo, and being informed that Plaintiff had not reported to work on the Martin Luther King Holiday, questioned that the Plaintiff, was African American, by stating to Mr. Perdomo, "he is Goya" when being told by Mr. Perdomo, that Plaintiff was African American.  Further, Mr. Perdomo, will testify fully, that it was after this Martin Luther King incident, that the Plaintiff began receiving daily calls from the Defendant Costa, demanding that Plaintiff quit or Defendant would fired Plaintiff. Mr. Perdomo, is also expected to testify, to the Defendants policy and practices of hiring and assigning Employees to Unit 1554. As well, give testimony as to the Plaintiff's Job Performance, and Plaintiff's conduct while employed at Unit 1554.

## EXPERT WITNESSES

Plaintiff again, has but two Expert Witnesses anticipated, one being Former Rent-A-Center Employee Scott Rabb, current address Old Colony Way Charlestown, Massachusetts.
Mr. Rabb's testimony is expected to support Plaintiff's claim of deprivation of Job responsibility, and Plaintiff's charges that Defendant Costa, was managing Route-One Unit 1554 account. Mr. Rabb, will testify to a conversation Plaintiff, he and Defendant Costa had, concerning the account of Police Officer Karen Green, and or the fraudulent account at Unit 1554, being ran with Madam Policewoman's Social Security information, and the demands Defendant made, to end Plaintiff from discoverying the member of Rent-A-Center, Inc., whom authorized the use of this Policewomans identity information. Also Mr. Rabb, will given expert testimony on managing Unit 1554 Rent-A-Center Route One Accounts, and their

-7-

long history of abuse by the Defendants. Additionally, Mr. Rabb will testify, that such abuse of Route One at Unit 1554, could not had occurred, without the assistance of Defendants.

Plaintiff's Expert Witness, is expected to be a Private Investigator from Revere, Massachusetts 02151, whom the Plaintiff has been in correspondence with, but hasn't secured. In addition, Plaintiff is hopeful, that Counselor, will be secured within the next few days, as Plaintiff, is also in contact with counsel, whom is as we speak, reviewing possible assignment. Upon insistance, will reveal the names and location of those members.

## ADMISSIONS

Plaintiff, would be willing to submit Admission in favor of calling those witnesses supra., but certain documentation, would be preferable to the Plaintiff, to support Plaintiff's claim of pretext, Defendants reasoning for suspension of Plaintiff and issue of disparate treatment, failure to promote, pay increase based on race. But Plaintiff does believe admission would avoid unnecessary, witnesses, and Discovery request.

## PLAINTIFF CONSENTS TO TRIAL BY MAGISTRATE

Plaintiff, has no opposition to the assignment of Magistrate Judge, in this matter, but continues to demand review under those standards of State Statute M.G.L. Ch. 151B, § 4. As interpreted by the State Supreme Court in Lipchitz v. Raytheon Co., 434 Mass 493, 498(2001)

-8-

## PLAINTIFF'S PROPOSE SETTLEMENT

Again, Plaintiff Marvin M. Smith, a pro-se Plaintiff, with all hopes of a trained Legal Counselor, directing this matter, makes this proposed Settlement, pursuant to both Federal Court September 28, 2004 order, and as a honest attempt at resolving this matter before trial.

This Plaintiff's proposed Settlement, is tendered as a reasonable settlement offer to the Defendants. As Plaintiff believes Defendants Liability is patently clear, and there is no reason why this case should not be quickly and fairly resolved.

## Liability

As Plaintiff has outline in Plaintiff's complaint. Plaintiff was at all times relevant a Account Manager at Rent-A-Center, Inc., assigned to Unit 1554 located at 729 Center Street Jamaica Plain, Massachusetts 02130.

Plaintiff, as a newly hired Employee, was required to pass both written examination as part of Plaintiff's Job Application, but as well, required to do 40 Hours of Class Room Training, using both Video and written training manuels to complete those required hours of training.

As a result of the Plaintiff's 40 hours of training, of which the Plaintiff received passing grades, Plaintiff documented Plaintiff's knowledge of the workings of the Rent-A-Center, Inc., it system of management and procedures.

Plaintiff states, from the date of July 2000-February 2001, Plaintiff received favorable evaluation, for the Plaintiff's Job performance.

-9-

Plaintiff states, from the date of July 2000-December 2000, Plaintiff was assigned to perform the task at Rent-A-Center Unit 1554 of Customer Service, product Delivery and preparation. As well, Plaintiff was equally responsible for Unit appearance, Inventory, Inventory Pricing. Additionally, the processing of Rental agreements, Rental sales. Both Physical and general collection of Rent-A-Center Merchandize and contractual renewals.

On or about the date of December 2000, Plaintiff was assigned Unit 1554 Route One Acount Manager. Replacing fellow Rent-A-Center employee Donny Cruz. This assignment as Route One Manager, was as a result of several of the newly hired, Hispanic's employees, and recently promoted Hispanic employees, being discoveried by Defendants, filing false Rental Agreements, and proving Rent-A-Center Customers with free weekly renewals.

Plaintiff further states, that from the date of August 2000-January 2001, the Defendants deliberately replaced all non-Hispanic employee's of Unit 1554 (with Plaintiff being the only exception) with Hispanic employee's, and thereby, transferring these Non-Hispanic employees to Units, that closely resemble the statistical make up of that community.

Plaintiff, as Route One Account Manager, had successfully managed those accounts found in the Route One Unit 1554. But began to meet resistance from the Defendan Costa, on what Route One accounts, would be managed in accordance to approved Rent-A-Center, Inc., management policies.  Several Route One Accounts, were allowed to renew accounts late. Defendant Costa, additionally, waived several Hundreds of dollars of late fee assessments, for several Route One Accounts, over the objection of Plaintiff, thereby creating managing problems for the Plaintiff.

Plaintiff, while managing Route One, began to find accounts within Route One, that were created through the use of unsuspecting former Rent-A-Center Customers.

Plaintiff on Martin Luther King, Jr., Holiday. 2001, received a call from then Manager Melvin Perdomo, Manager informing Plaintiff, that the Defendant William Costa, had contacted the Unit, and wanted to know why the Plaintiff had failed to show up for work, and that after the Manager had explain to the Defendant Costa, that the Plaintiff was observing Martin Luther King, Jr., Holiday, the Defendant Costa, questioned whether the Plaintiff was African American or a Goya. And it was shortly after, this incident, that the Plaintiff began to get harassing Telephone calls about the condition of Route One accounts.

Plaintiff further states, that it was shortly, after the Martin Luther King, Jr., Holiday, that the Unit 1554 began, to lose Staff, with the Manager Melvin Perdomo being injured, and in fighting between Assistant Manager Keith Bodden and Assistant Manager Douglas Angle, for control of the Unit's day-to-day operation. The loss of three members of the Customer Service staff, that Plaintiff was assigned back to Customer Service, and the day-to-day Managing of Route One was turned over to Unit's Inside/Outside Manager(s) for managing.

As well, Rent-A-Center Unit 1554, for a third straight month, failed to meet any of it's revenue projections. As well, Defendants Costa and Iverson, discoveried, large numbers of missing inventory, and Rent-A-Center Customers whom had claim ownership, to items list in Rent-A-Center's inventory as being on rent. There was no disciplinary action taken against none of the guilty parties, nor was any of them terminated.

On March 1, 2001, Plaintiff was informed by Defendant Costa, via Telephone conversation, that the Plaintiff had until the close of the day, to bring the Route One Accounts in accordance with Company standards, and or the Plaintiff

-11-

would be written up and suspended for one week. Plaintiff, in response to this ultimatum began the collection of delinquent Route One accounts, this occurred until one of those delinquent customers claimed to Defendants Bell and Costa, ownership to items listed in Route One inventory, as being on rent. At which time Defendant Costa, ordered the Plaintiff to stop the physical collection of Route One Accounts.

   Plaintiff states, that several of the Route One Unit 1554 delinquent accounts, to be pick up, on the date of March 1, 2001, were accounts that the Defendant Costa, was managing from week to week. These accounts, were the most abused accounts in the Route One system, in terms of on time renewal, and waiver of late fee assessments. Defendants Costa and Iverson continuingly, allowed for waiver of late fee assessments, to Route One Customers, in favor of a partial payment, and renewals.

   Plaintiff states, Plaintiff was suspended for one week, after being written up on March 1, 2001, for failure to meet company collection standards, and terminated after the service of that term.

   Plaintiff states, the Defendants Rent-A-Center, Inc., Kevin Bell, William Costa and Roger Iverson, have committed fraud, in defending against the Plaintiff charge of Racially motivated Employment termination, At the States Antidiscrimination Agency. By knowingly filing false documentation, knowingly filing false declarations, charging that the Plaintiff was terminated for both failing to meet company collection standards, as well, abandoning Plaintiff's Job. Also, the Defendants, falsely claiming they treat each of their employees equally; similar situated employees Douglas Angle and Donny Cruz, were not acknowledged, but the the Defendants  asserted Keith Bodden, as a African American, Knowing that Keith Bodden, was/is a Hispanic, all to deny Plaintiff relief.

-12-

## GENERAL DAMAGES

The conduct of Defendants was outrageous, was done in a deliberate, callous, malicious, fraudulent and oppressive manner intended to injure Plaintiff, was with improper and evil motive amounting to malice and spite caused by bias, and was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to Awards of punitive damages from Defendants.

As a proximate result of Defendants racially motivated termination, Plaintiff has suffered and continues to suffer substantial losses incurred in loss of past and future earnings, bonuses, and other employment benefits, plus expenses fee's incurred in attempting to obtain the benefits due Plaintiff, fee's incurred in seeking and obtaining substitute employment, all to Plaintiff's Damage in an amount of One anf Half years back pay.

As a further proximate result of Defendants racially motivated termination, Plaintiff has suffered and continues to suffer impairment and damage to Plaintiff's good name and reputation by Defendants causing Plaintiff to be disciplined and discharged with the untrue implication to all future prospective employers that Plaintiff had been disciplined and discharged for dishonesty, incompetence and unsatisfactory performance, all to Plaintiff's damage in an amount of One Year front pay.

As a result of the Discriminatory conduct and actions of Defendant's herein, Plaintiff should be awarded compensatory damages for emotional distress.

1.      Compensatory Damages..............$10,000.00

2.      Punitive Damages..................$10,000.00

3.      Back Pay..........................$54,600.00

4.      Front Pay.........................$18,200.00

5.      Total Proposed Settlement.........$92,800.00


THE DESIRABILITY OF AMENDMENT TO THE PLEADING


   Plaintiff states, the Plaintiff, would like to reserve the right to amend the Complaint, as stated, Plaintiff's matter is being reviewed by counsel, for possible representation, as I am not trained in law, I would not like to handcuff, counsel in making appropriate amendments to the Plaintiff's pleadings.

Dated: November 1, 2004.

                             Marvin M. Smith
                             W-81728
                             Old Colony Correctional Center
                             1 Administration Road
                             Bridgewater, Massachusetts 02324

CERTIFICATION OF SERVICE

I, Marvin M. Smith, did cause the foregoing Plaintiff's Pre-Trial Order to be served on Defendants Couselor Suzanne M. Suppa, Law Offices of Littler Mendelson One International Place (Suite 2700 Boston, Massachusetts 02110, on this 1st day of November 2004, by mailing the same United States Postage.

                             Marvin M. Smith