Marvin M. Smith  
W-81728  
Old Colony Correctional Center  
1 Administration Road  
Bridgewater, Mass 02324

December 1, 2004

Maria Simeone, Docket Clerk  
United States District Court  
John Joseph Moakley  
One Courhouse Way  
Boston, Massachusetts 02210

RE: Smith v. Rent-A-Center, Inc., No. 04-12032-PBS.

Dear Docket Clerk Simeone:

    I am the Plaintiff, in the above-entitled matter, whom on the date of November 17, 2004, was scheduled for Pre-Trial Conference,(See enclosed Notice of Scheduling Conference attached hereinafter) which never occurred, at least not to my knowledge. In addition, I have several Motions before the Court (Motion To Remand) and I would like to get some/any information on, the next scheduled hearing date, that your Office has on this matter.

    Finally, I am a Prisoner, being confined under sentence at the Massachusetts Department of Correction, and I have no ability to communicate with the Court, other than through this method.

    I thank you in advance.

Marvin M. Smith

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Marvin M. Smith

        v.                                            Civil Action No. 04-12032-PBS

Dorca Gomez, et al

## NOTICE OF SCHEDULING CONFERENCE

An initial scheduling conference will be held in Courtroom No. 19 on the 7th floor at **3:00 p.m.** on **November 17, 2004**, in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1. The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1[1] to be of the utmost importance. Counsel may be given a continuance only if actually engaged on trial. Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

September 28, 2004                                                                  Patti B. Saris
     Date                                                                  United States District Judge

                                                                                By:   /s/ Robert C. Alba
                                                                                         Deputy Clerk

---

[1] These sections of Local Rule 16.1 provide:

    (B) <u>Obligation of counsel to confer</u>. Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than twenty one (21) days before the date for the scheduling conference for the purpose of:

        (1) preparing an agenda of matters to be discussed at the scheduling conference,

        (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

        (3) considering whether they will consent to trial by magistrate judge.

    (C) <u>Settlement proposals</u>. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

    (D) <u>Joint statement</u>. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

        (1) a joint discovery plan scheduling the time and length for all discovery events, that shall

            (a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and

            (b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

        (2) a proposed schedule for the filing of motions; and

        (3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:

            (a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

            (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

    To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

(16.1 Scheduling Notice.wpd - 12/00)                                                                                [ntchrgcnf. schedcnfddl.]

DOCKETED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Marvin M. Smith,
    Plaintiff.

v.

Rent-A-Center, Inc., et al.
    Defendants

CIVIL ACTION
NO. 04-12032-PBS

## MOTION TO REMAND

Now comes the Plaintiff Marvin M. Smith, and moves this pursuant to 28 U.S.C. § 1447(c), Motion to Remand. In support of the requested relief, Plaintiff states, Defendant Rent-A-Center, Inc., has failed to establish that court has Federal Jurisdiction over subject matter.

### Background:

Plaintiff, a former employee of Rent-A-Center, Inc., Whom commenced a Civil action against the Defendants Rent-A-Center, Inc., Kevin Bell, William Costa and Roger Iverson, charging race base termination from employment. N.1/ Specifically

---

N.1/Plaintiff additionally, named Employees of the States Anti-Discrimination Agency, as Defendants. Defendant won judgment pursunt to Mass. Rules. Civ. P. 12(b)(1)(6) On the date of July 23, 2004. Order attached herein as Exhibit-A.