UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Marvin M. Smith,
    Plaintiff.

v.

Rent-A-Center, Inc., et al.
    Defendants.

CIVIL ACTION
NO. <u>04-12032-PBS</u>

### REQUEST FOR HEARING

    Now comes the Plaintiff Marvin M. Smith, and moves this Court, pursuant to Local Rule 7.1(d),(Request For Hearing)

    Plaintiff states, in support of Plaintiff's Request for hearing, that the Plaintiff's action, was Removed from the Suffolk Superior Court, by the Defendant Rent-A-Center, Inc., on a claim of Diversity of Citizenship.(See Exhibit-A)

    Plaintiff on the date of October 13, 2004, filed Plaintiff's Motion to Remand, Plaintiff's action back to the original jurisdiction of the complaint.(See Exhibit-B)

    Defendants, moved in opposition to Plaintiff's Motion to Remand, on the date of October 29, 2004.(See Exhibit-C)

    Plaintiff states further, that the Court, has been silent, on this jurisdiction issues, which appears to have completely stopped, all forward motion of this action.

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:04-cv-12032-PBS

**EXHIBIT A**

Smith v. Gomez et al
Assigned to: Judge Patti B. Saris
Demand: $75000
Cause: 28:1332 Diversity-Fraud

Date Filed: 09/21/2004
Jury Demand: None
Nature of Suit: 370 Fraud or Truth-In-Lending
Jurisdiction: Diversity

**Plaintiff**
-----------------------

**Marvin M. Smith**          represented by  **Marvin M. Smith**
One Administration Rd.
Bridgewater, MA 02324
PRO SE

V.

**Defendant**
-----------------------

**Dorca Gomez**
*TERMINATED: 10/12/2004*

**Walter Sullivan**
*TERMINATED: 10/12/2004*

**Jean Clanton**
*TERMINATED: 10/12/2004*

**Jeannine Rice**
*TERMINATED: 10/12/2004*

**Rent-A-Center, Inc.**          represented by  **Laurie Drew Hubbard**
Littler Mendelson P.C. - MA
One International Place
Boston, MA 02110
617-378-6013
Fax: 617-737-0052
Email: lhubbard@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Suzanne M. Suppa**
Littler Mendelson
One International Place
Suite 2700

Boston, MA 02110
617-378-6004
Email: ssuppa@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Roger Iverson**

**William Costa**

**Kevin Bell**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/21/2004 | 1 | NOTICE OF REMOVAL from Suffolk Superior Court, case number 03-5898-A. $ 150, receipt number 58828, filed by Rent-A-Center, Inc.. (Attachments: # 1 Civil Cover Sheet # 2 Exhibit Part 1# 3 Exhibit Part 2# 4 Exhibit Part 3# 5 Exhibit Part 4# 6 Exhibit Part 5# 7 Exhibit Part 6)(Patch, Christine) (Entered: 09/28/2004) |
| 09/21/2004 |  | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Cohen. (Patch, Christine) (Entered: 09/28/2004) |
| 09/21/2004 | 2 | NOTICE of Motions Pending in State Court, by Rent-A-Center, Inc. (Patch, Christine) (Entered: 09/28/2004) |
| 09/28/2004 | 3 | NOTICE of Scheduling Conference Scheduling Conference set for 11/17/2004 03:00 PM in Courtroom 19 before Judge Patti B. Saris. (Patch, Christine) (Entered: 10/04/2004) |
| 10/04/2004 | 4 | STATE COURT Record Rent-A-Center, Inc. served on 9/8/2004, answer due 9/28/2004.. (Patch, Christine) (Entered: 10/12/2004) |
| 10/08/2004 | 5 | ANSWER to Complaint (Notice of Removal) by Rent-A-Center, Inc.. (Patch, Christine) (Entered: 10/19/2004) |
| 10/18/2004 | 6 | MOTION to Remand by Marvin M. Smith.(Patch, Christine) (Entered: 10/21/2004) |
| 10/29/2004 | 7 | Opposition re 6 MOTION to Remand filed by Rent-A-Center, Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Patch, Christine) (Entered: 11/04/2004) |
| 10/29/2004 | 8 | NOTICE of Change of Address by Laurie Drew Hubbard, Suzanne M. Suppa (Patch, Christine) (Entered: 11/04/2004) |

| 11/01/2004 | 9 | PRETRIAL Order by Marvin M. Smith. (Patch, Christine) (Entered: 11/08/2004) |
| --- | --- | --- |
| 11/08/2004 | 10 | NOTICE of Change of Address by Laurie Drew Hubbard (Patch, Christine) (Entered: 11/15/2004) |
| 11/10/2004 | 11 | JOINT STATEMENT re scheduling conference. (Patch, Christine) (Entered: 11/17/2004) |
| 11/16/2004 | 12 | CERTIFICATION pursuant to Local Rule 16.1 by Rent-A-Center, Inc..(Patch, Christine) (Entered: 11/22/2004) |
| 12/06/2004 | 13 | Letter to Maria Simeone from Marvin M. Smith requesting the status of the case. (Patch, Christine) (Entered: 12/14/2004) |
| 12/14/2004 |  | DOCKET SHEET sent to Marvin M. Smith. (Patch, Christine) (Entered: 12/14/2004) |

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Marvin M. Smith,
    Plaintiff.

v.

Rent-A-Center, Inc., et al.
    Defendants

CIVIL ACTION
NO. 04-12032-PBS

EXHIBIT B

## MOTION TO REMAND

Now comes the Plaintiff Marvin M. Smith, and moves this pursuant to 28 U.S.C. § 1447(c), Motion to Remand. In support of the requested relief, Plaintiff states, Defendant Rent-A-Center, Inc., has failed to establish that court has Federal Jurisdiction over subject matter.

Background:

Plaintiff, a former employee of Rent-A-Center, Inc., Whom commenced a Civil action against the Defendants Rent-A-Center, Inc., Kevin Bell, William Costa and Roger Iverson, charging race base termination from employment. N.1/ Specifically

---

N.1/Plaintiff additionally, named Employees of the States Anti-Discrimination Agency, as Defendants. Defendant won judgment pursunt to Mass. Rules. Civ. P. 12(b)(1)(6) On the date of July 23, 2004. Order attached herein as Exhibit-A.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARVIN M. SMITH )
Plaintiff, )
)
)
v. ) Civil Action No.
) 04-12021-PBS
)
DORCA GOMEZ, WALTER SULLIVAN, )
JEAN CLANTON, JEANNINE RICE, )
RENT-A-CENTER, INC., ROGER IVERSON, )
WILLIAM COSTA AND KEVIN BELL )
Defendants. )
)

EXHIBIT C

## DEFENDANT RENT-A-CENTER INC.'S
## OPPOSITION TO MOTION TO REMAND

Defendant Rent-A-Center, Inc. ("RAC") opposes plaintiff Marvin Smith's ("Smith") Motion to Remand. As grounds for this opposition, RAC states that it is the only defendant in this case, and thus, as a foreign corporation, complete diversity exists.

Smith, a Massachusetts resident, filed this action in state court on December 16, 2003 against RAC and three individual defendants.[1] To date, Smith has not properly served the three individual defendants, whom he claims defeat diversity. Because the time for service has long since expired, and because Smith has not shown good cause for not effectuating service within the time allotted by the Massachusetts Rules of Civil Procedure, the individually named defendants are dismissed and cannot be used to defeat removal.

---

[1] Smith originally also named the Massachusetts Commission Against Discrimination and individual employees at the Commission in his Complaint. Those defendants have been dismissed from the case by order of the superior court and Smith acknowledges same. See Smith's Motion to Remand, at note 1.

Boston:4429.1 047470.1002

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARVIN M. SMITH
    Plaintiff,

v.

DORCA GOMEZ, WALTER SULLIVAN,
JEAN CLANTON, JEANNINE RICE,
RENT-A-CENTER, INC., ROGER IVERSON,
WILLIAM COSTA AND KEVIN BELL
    Defendants.

C.A. No. 04-12032-PBS

EXHIBIT D

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to Rule 16.1(D) of the Local Rules of the United States District Court for the District of Massachusetts, plaintiff Marvin M. Smith ("Smith") and defendant Rent-A-Center, Inc. ("RAC") submit the following joint statement:

I.    Smith and RAC propose the following schedule for this litigation:

| | |
|---|---|
| November 25, 2004 | Exchange of Automatic Discovery |
| June 1, 2005 | All written discovery served |
| June 1, 2005 | Rule 26(a)(2)(b) Expert Disclosure by Plaintiff |
| July 1, 2005 | All non-expert discovery completed (including depositions and written discovery) |
| July 1, 2005 | Rule 26(a)(2)(b) Expert Disclosure by Defendant |
| August 1, 2005 | Expert Depositions and Discovery, if any, completed |
| August 1, 2005 | Deadline to Amend Pleadings and Add Parties |
| September 1, 2005 | Dispositive Motions filed |
| October 2005 | Pretrial Conference (or after dispositive motions are ruled on by the Court) |

II.  Other Matters Pursuant to Rule 16.1:

   a.  RAC does not consent to a trial by Magistrate Judge at this time.

   b.  Smith presented a written settlement proposal to RAC. Counsel for RAC will confer with RAC regarding Smith's proposal.

   c.  Certifications under Local Rule 16(d)(3) will be filed with the Court with copies being sent to the parties.

Respectfully Submitted,

MARVIN M. SMITH                              RENT-A-CENTER, INC.

                                             By its attorneys,

_____                  _____
W-81728                                      Suzanne M. Suppa (BBO #565075)
Old Colony Correctional Center               Laurie Drew Hubbard (BBO #651109)
1 Administration Road                        Littler Mendelson, P.C.
Bridgewater, MA 02324                        One International Place, 27th Floor
                                             Boston, MA 02110
                                             (617) 378-6000

Dated: November 10, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the plaintiff (pro se) by mail on this 10th day of November 2004.

                                             _____
Dated: November 10, 2004                     Suzanne M. Suppa

Boston:4784.1 047470.1002

- 2 -



# LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

October 29 2004

Suzanne M. Suppa
Direct: 617.378.6004
Direct Fax: 617.737.0052

**BY FIRST CLASS MAIL**

Marvin M. Smith
W-81728
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA 02324

EXHIBIT E

Re:    *Smith v. Rent-A-Center, et al.*

Dear Mr. Smith:

Enclosed please find defendant Rent-A-Center's Opposition to your Motion to Remand. I am in receipt of the Interrogatories and Requests for Production of Documents that you served with your motion. Because the forum for the case is an unresolved issue, the written discovery requests are premature. If the case remains in federal court, the parties are required to submit a written joint plan for discovery, including a discovery schedule. (This requirement is cited in the Notice of Scheduling Conference we received from the federal court). However, if the case returns to state court, this joint statement is not required and we will get a tracking order detailing the time frame for discovery. Only after the forum issue is resolved, and thus the time frame for discovery is established, will RAC begin responding to your discovery requests. Please let me know if this is not acceptable.

If the case remains in federal court, and thus we are required to submit a joint discovery plan, RAC proposes the following schedule for your consideration:

    November 25, 2004 – Exchange of Automatic Discovery

    March 1, 2005 – Deadline to Amend Pleadings and Add Parties

    June 1, 2005 – All written discovery served

    June 1, 2005 – Rule 26(a)(2)(b) Expert Disclosure by Plaintiff

    July 1, 2005 – All discovery completed (including depositions and written discovery)

    July 1, 2005 - Rule 26(a)(2)(b) Expert Disclosure by Defendant

    August 1, 2005 – Expert Depositions and Discovery, if any, completed

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM ™
One International Place, Suite 2700, Boston, Massachusetts 02110  Tel: 617.378.6000  Fax: 617.737.0052

Marvin M. Smith
October 29 2004
Page 2

      September 1, 2005 – Dispositive Motions filed

      October 2005 – Pretrial Conference  (or after dispositive motions are ruled on by the Court).

The parties are required to submit the joint discovery plan five days before the November 17, 2004 Scheduling Conference.  Please let me know if you approve of this schedule and I will submit it to the court.  Thank you.

Sincerely,

*[signature]*

Suzanne M. Suppa

Enclosures


Boston:4606.1 047470.1002

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EXHIBIT F

Marvin M. Smith

              v.              Civil Action No.   04-12032-PBS

Dorca Gomez, et al

## NOTICE OF SCHEDULING CONFERENCE

An initial scheduling conference will be held in Courtroom No. 19 on the 7th floor at **3:00 p.m.** on **November 17, 2004**, in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1. The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1[1] to be of the utmost importance. Counsel may be given a continuance only if actually engaged on trial. Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

September 28, 2004                                                    Patti B. Saris
    Date                                                         United States District Judge

                                                                                By:  /s/ Robert C. Alba
                                                                                       Deputy Clerk

---

[1] These sections of Local Rule 16.1 provide:

      (B) <u>Obligation of counsel to confer</u>. Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than twenty one (21) days before the date for the scheduling conference for the purpose of:

          (1) preparing an agenda of matters to be discussed at the scheduling conference,

          (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

          (3) considering whether they will consent to trial by magistrate judge.

      (C) <u>Settlement proposals</u>. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

      (D) <u>Joint statement</u>. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

          (1) a joint discovery plan scheduling the time and length for all discovery events, that shall

              (a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and

              (b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

          (2) a proposed schedule for the filing of motions; and

          (3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:

              (a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

              (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

      To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

(16.1 Scheduling Notice.wpd - 12/00)                                                       [ntchrgcnf. schedcnfddl.]

