UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Marvin M. Smith,                    :
      Plaintiff.                   :
                                   :
v.                                  :     CIVIL ACTION
                                   :     NO. 04-12032-PBS.
Rent-A-Center, Inc., et al.         :
      Defendants.                  :
                                   :

### N.1/    PLAINTIFF'S VERIFIED EMERGENCY MOTION FOR RELIEF FROM JUDGMENT AND RULE 59 RECONSIDERATION

Now comes the Plaintiff Marvin M. Smith, in the above-entitled matter, and moves her Honor pursuant to Fed. Rules. Civ. P. 59(d) and 60(b), for relief from mistaken March 3, 2005, denial of Plainriff's  Motion to Remand, 28 U.S.C. § 1447(c), based on Defendants  misrepresenting of facts, as well as grounds of mistake, accident, inadvertance and excusable neglect.  More specifically avers;

1. Plaintiff filed a civil action in the Suffolk Superior Court, alleging the Defendants Rent-A-Center, Inc., Employee's of Rent-A-Center Inc., Kevin Bell, Manager of Unit 1554. William Costa, Market Manager for Rent-A-Center, Inc., Boston Central Region and Roger Iverson Regional Manager, Terminated Plaintiff from Employment based on Race, in violation of

N. 1/ All statements are made herein under pains and penalties of perjury and all documents attached hereto are true copies of originals.

-2-

the State of Massachusetts' Antidiscrimination Laws, M.G.L.
Ch. 151B, § 4.                    (Exhibit-A)


    2. Plaintiff Notice the then Legal Counselor Robert F.
Friedman 1201 Elm Street Dallas, Texas, of pending Civil
action, in the Suffolk Superior Court. (Exhibit-B)


    3. Plaintiff states, on the date of March  3, 2004,
Plaintiff employed the Norfolk Sheriff's Department to
Make Service on the Defendant Rent-A-Center, Inc., Kevin
Bell, William Costa and Roger Iverson, at the Boston
Central Headquarters of Rent-A-Center Inc., 3 Deerfield
Corporation Center 378 Page Street Stoughton, Mass.(Exhibit-C)


    4. After Notice from the Norfolk Sheriff's Department,
that the Defendant supra., at 3, where unavailable for
Process of service, Plaintiff requested of the Court on
March 30, 2004 for Enlargment of Time to process service on
the Defendants Supra. at 3, which was allowed, pending
communication from the Norfolk Sheriff's department, of all
efforts to serve Defendants. (Exhibit-A)


    5. On the date of April 12, 2004, Norfolk Sheriff's
Department return Service on the Defendants Kevin Bell,
William Costa and Roger Iverson. (Exhibit-A at 5.)

-3-

6. Plaintiff states, on the date of May 20, 2004,
Plaintiff, Plaintiff again, move the Court to Enlarge Time
to Process Service on the Defendants Rent-A-Center, Inc.,
which was granted, providing that the Plaintiff show good
cause for the Delay, by the close of October 20, 2004.

7. On the date of September 28, 2004, Plaitniff directed
correspondence with the Court, asking for enlargement of
time, Request for Subpeona to the Norfolk Sheriff's Department
Jeffrey J. Nourse, Director  Division of Civil  Process, for
records.                          (Exhibit-D)

8. On the date of October 5, 2004, documents supra at 7
were returned to the Plaintiff, with a copy of the Docket
entries, with the highlighted area, indicating Case Removed
this date to US District Court of Massachusetts. (Exhibit-A)

9. Plaintiff states, Plaintiff filed Motion to Remand
pursuant to 28 U.S.C. § 1447 on the date of October 13, 2004.
Claiming the Court lack Jurisdiction over the matter, and
that Defendants have failed to prove such Jurisdiction.

10. Plaintiff additionally, charged through his Motion
to Remand, that the Federal Court lack Jurisdiction

-4-

pursuant to 28 U.S.C. § 1441, and the allegation, of the
Defendant Rent-A-Center, Inc., forum shopping. (Exhibit-E)


11. On the date of October 29, 2004, Defendant Rent-A-
Center, Inc., moved in Opposition To Motion To Remand, giving
the Court a procedural History of that Supra at 3-8, alleging
that none of the defendants Kevin Bell, William Costa or Roger
Iverson, worked at the Boston Central Headquarters of Rent-A-
Center, Inc., at the time of Process of Service. And that
Plaintiff would had failed to make service at that location.
Further alleging, under Massachusetts Rules Civil Procedure 4
(d)(1), that Plaintiff must serve both summons and Complaint
upon Defendants or by delivering a copy to an agent authorized
by appointment or by statute to receive Service. (Exhibit-F)


12. Defendant further, alleged through their Motion In
Opposition to Remand, Plaintiff attempted to serve the Three
Defendants Bell, Costa and Iverson at a Stoughton Store" which
at no point ever happen, and to my knowledge, the Rent-A-
Center, Inc., never had a "Stoughton Store." (See Exhibit-G)


13. Defendant Rent-A-Center, Inc., alleged incorrectly,
that on the date of September 21, 2004, that the Superior
Court denied Plaintiff's Motion for Default Judgment, and  Ordered
the Plaitniff to show good cause why Plaintiff hadn't served
Defendant Bell Costa and Iverson, by the Close of 90 days.
And if the Plaitniff failed, the rules  command the Judge to

-5-

dismiss the action.  What the Defendant didn't say, was this
response, to the Judge's Order was due by the date of October
20, 2004, but the Defendant Rent-A-Center, Inc., closed this
action in that Court on the date of September 22, 2004. And
thus their claim, that this case must be dismissed against the
Three Defendant Bell, Costa and Iverson, are false. As no
opportunity for the Plaintiff to show good cause, has been
afforded the Plaintiff on the issue of Service, by that Court.

    14. Defendant Rent-A-Center Inc., claims that their
Opposition to the Plaintiff Motion to Remand, is not based on
the Plaintiff's failure to serve, but that the matter is
Dismissed against the Defendants Bell, Costa and Iverson, for
failure to timely effectuate service, or show good cause for
such failure, as ordered by the Court in the September 21,
2004 Order. And based on claims being dismissed against those
Defendants, their is a Diversity of Citizenship.

    15. After the Court received this material, and pleadings
from both the :f the Parties, Her Honor, denied the Plaintiff's
Motion To Remand, ruling "...There is no evidence the Nondiverse
have been served." (Exhibit-H)

-6-

16. Plaintiff states, Her Honor's ruling denying Plaintiff's request for Remand, based on there being no evidence the nondiverse parties have been served, was a mistake, as the Plaintiff, had failed to cite case law, in support of the Plaintiff's issue for relief, pursuant to 28 U.S.C. § 1441. N2/

17. Plaintiff states, the Federal Court lacked Original Jurisdiction pursuant to 28 U.S.C. § 1332, except on the issue of controversy, which exceeded the sum of $50.000.

18. Plaintiff states, on the date of April 25, 2005, Plaintiff appeared in Her Honor's Court, on a scheduled Pre-Trial conference, as well, on the Motion for Hearing, concerning this issue of lack of Jurisdiction.  It was during this proceeding, that Her Honor, questioned the parties, about the Jurisdiction; and whether the damages met that $50.000. threshole. Posing this question to Plaintiff of actual damage.

19. Plaintiff on the date of April 25, 2005, took Her Honor's question, of actual damages to mean, that which would bring the Plaintiff to the position which he would have occupied but for the illegal act, and make Plaintiff whole. As well, as a offer of Settlement to the Defendants.

N2/New York Life Insurance v. Deshotel, 142 F.3D. 873, 883-884 (5th Cir. 1998); Kelly v. Drake Bean Morin, Inc. 695 F.Supp. 354, 356-357(S.D. Ohio. 1988) both quoting Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374(1978).

-7-

20. Plaintiff states further, that the Plaintiff's
Pre-Trial Order, dated November 1, 2004, accurately represents
what the Plaintiff believes, would be the compensation equit-
able remedy for the effects of the discrimination, both past
and future. N3/                    (Exhibit-I)


21. On the date of April 25, 2005, Plaintiff attempted
to waive, those damages found in the Plaintiff's pre-trial
order. And except the 15 Months of Back Pay, minus, those
Benefits received from Social Security, and Income generated
from the Part Time employment, all in the interest of
Settlement. N4/


22. The Defendant Rent-A-Center, Inc., on the heels of
this offer of settlement, forwarded Plaintiff a correspondence
date May 5, 2005. This correspondence, outline Defendants
thoughts about the future of further litigation, and the
problems and penalties to the Plaintiff, if this matter was to
continue. I believe, at all times acting in bad faith. Defend-
ant proposed a settlement offer.    (Exhibit-J)

---

N3/ Conway v. Electro Switch Corp. 523 N.E.2d. 255, 256-257
(1988).
N4/ Plaintiff's Salary at the time of termination was $27.040.
a year($13.00 a Hour X 40 Hours X 52=$27,040.) Plaintiff claims
the failure to promote Salary, of $34.320.($13.00 a hr. X 50 hrs
X 52 weeks=$34,320.) Plaintiff believe the Defendant are liable
for Fifteen Months of compensation(March 8, 2001-June 14, 2002)
As the Plaintiff received a Prison/Jail sentence in June 2002.

-8-

23. Plaintiff states, that the Court should remand this
matter back to the Suffolk Superior Court, as the Court lacks
Jurisdiction over this matter pursuant to 28 U.S.C. § 1332,
but for the sum of the controversy.

24. Plaintiff states additionally, that the Court decision
to deny Plaintiff Motion To Remand Pursuant to 28 U.S.C. § 1447,
was a mistake, as the finding of whether Plaintiff had or hadn't
served the nondiversed defendant was irrelevant to the Courts
determination whether diversity of citizenship exists, and
whether the case was properly removed from the Suffolk Superior
Court. Plaintiff is sorry, that he hadn't pointed this out,
prior to the Court hearing on April 25, 2005. And the Plaintiff
was prepared to do this, until the Court decision to give the
Defendants a week, to show the Court why this matter should
remain in Her Honor's Court. As well, after, the May 5, 2005
Correspondence from the Defendant, which makes it clear, that
they are not willing, to enter into good faith negotiation to
settle this matter.

25. Plaintiff finally states, that for all the above
reasons, this matter should be remanded to the Suffolk
Superior Court, as the Defendants have delayed both Discovery
and Interrogatories request, made on them in October 2004,
pending this Courts, decision, on the issue of Jurisdiction.

-9-

Submitted By

Marvin M. Smith
Old Colony Correctional Center
1 Administration Road
Bridgewater, Mass 02324


## CERTIFICATION OF SERVICE

I, Marvin M. Smith, certify, that on this date of May
12, 2005, I did cause the  Plaintiff's Verified Emergency Motion
For Relief From Judgment And Rule 59 Reconsideration to be
served on the Defendants Counselor Suzanne M. Suppa One
Internation Place Suite 2700 Boston, Mass 02110, by mailing the
same United States Postage.

Marvin M. Smith