UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS



Marvin M. Smith,                    :
         Plaintiff.                 :
                                    :
v.                                  :    CIVIL ACTION
                                    :    NO. 04-12032-PBS
Rent-A-Center, Inc., et al.         :
         Defendants                 :

### MOTION TO REMAND

Now comes the Plaintiff Marvin M. Smith, and moves this pursuant to 28 U.S.C. § 1447(c), Motion to Remand. In support of the requested relief, Plaintiff states, Defendant Rent-A-Center, Inc., has failed to establish that court has Federal Jurisdiction over subject matter.

Background:

Plaintiff, a former employee of Rent-A-Center, Inc., Whom commenced a Civil action against the Defendants Rent-A-Center, Inc., Kevin Bell, William Costa and Roger Iverson, charging race base termination from employment. N.1/ Specifically

---

N.1/Plaintiff additionally, named Employees of the States Anti-Discrimination Agency, as Defendants. Defendant won judgment pursurt to Mass. Rules. Civ. P. 12(b)(1)(6) On the date of July 23, 2004. Order attached herein as Exhibit-A.

-2-

alleging a disparate in treatment, lack of promotion, deprivation of job responsibility, lack of pay increase, wrongful discharge, in violation of the States Antidiscrimation Statute. In addition, Plaintiff charged the Defendants with Deceit and Fraud pursuant to the States Consumer protection act. Mass. Gen. Laws. Ch. 93A § 2A, for their acts during the process of complaint before the Massachusetts Commission Against Discrimination.

After several months of the Defendants avading Service by the Norfolk County Sheriff's Department's Process of Service. Plaintiff was able to complete Service on all Defendants.(See Exhibit-B)

Defendant Rent-A-Center, Inc., has now sought relief from the Federal Court, on the date of September 20, 2004. (See Exhibit-C) A form of relief, that the Defendants are not entitled to.

I.      Federal Court Lacks Jurisdiction of Subject Matter
                pursuant to 28 U.S.C. § 1332

Plaintiff states, the burden of proving the existence of Federal Court Jurisdiction is on the Defendant, who is seeking the removal of Plaintiff's action from chosen Forum to the

-3-

Federal Court.

The Federal Statute, by which the Defendant seek removal of Plaintiff's action provides, that removal may be had by the Defendant; but generally, removability must be found in the averments of the Plaintiff, which demonstrates the Federal Courts jurisdiction. (See 28 U.S.C. § 1441)

Plaintiff states, that all Plaintiff's averments, lack a Federal claim for relief, and since all cause of action cited in Plaintiff's complaint are State Law claims, this court does not have original jurisdiction over the subject matter, nor has the Defendant demonstrated such claim.

The Federal Court should only remove when it has Federal jurisdiction over subject matter; in as much as the Plaintiff, Rent-A-Center, Inc., Kevin Bell, William Costa and Roger Iverson are citizens of the Commonwealth of Massachusetts, there isn't a complete diversity of citizenship, in order for the court to have jurisdiction over the subject matter.


II.     Federal Court lacks juridiction over Subject matter
                    Pursuant to 28 U.S.C. § 1441

28 U.S.C. § 1441(b), limits the removal of suit where jurisdiction is based on diversity of citizenship by providing that such action are removable only if none of the properly joined and served Defendants, is a citizen of the State in which the suit is brought.

-4-

Plaintiff ask, that this court interpret the removal statute narrowly, and presume that Plaintiff may choose his forum; any doubt regarding jurisdiction should be resolved in favor of remanding the mmatter to the Suffolk Superior Court.

Again, the Defendant has the burden of showing that the Court has jurisdiction of subject matter. Defendants showing, has been to state "Plaintiff has not affected proper service on Defendant.."(See Exhibit-C) This position is irrelevant, as a matter of law to the court's determination whether diversity of citizenship exists, and whether the case was properly removed.

It is axiomatic that there must be complete diversity of citizenship (i.e.) no Plaintiff and no Defendants may be citizen of the same state, before a District Court accepts diversity jurisdiction pursuant to the removal statute 28 U.S.C. § 1441. Accordingly, the Plaintiff ask, that the Court find the citizenship of Kevin Bell, William Costa and Roger Iverson cannot be disregarded in determining whether this case was properly removed. (See Exhibit-B) As Plaintiff and Defendants are of the same state.


III.  Defendant Rent-A-Center Inc., are Forum Shopping

Plaintiff states, that the Defendants are attempting to shop for a forum, that will allow them to affectively evade

-5-

both liability and Massachusetts interpretation of the States

Antidiscrimination statute M.G.L. ch. 151B, § 4. (See

Reeves v. Sanderson Plumbing Products Inc., 120 S.Ct. 2097,

2104(2000)

    As a result of  Reeves v. Sanderson Plumbing Products

Inc., Supra. and Abramian v. President & Fellows of Harvard

College, 432 Mass. 107, 115-119 (2000) decisions, Massachusetts

law is now in accord with FederaL law and the law of most

other states on some points. Although the distinction

between Federal and Massachusetts law has been substantially

narrowed, it has not been entirely eliminated. There is still

a distinction over whether some cases are insufficient to

reach a jury, despite threshold showing of a prima facie case

and pretext. In  dicta, both Reeves v. Sanderson Plumbing -

Products Inc., supra., and Abramian v. President & Fellows of

Harvard College, Supra., addressed this issue but in opposite

directions. And this has a strong possibility of being a issue

here.

    As well, the States high Court has clarified the method

of Proof for mixed motive cases(Wynn & Wynn, P.C. v. MCAD, 431

Mass 655(2000) presented the court with its first opportunity

to address this issue since the Supreme Court's decision in

Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), which shifted

the burden of persuasion to the employer in these cases. But

since Price Waterhouse v. Hopkins, Supra., Massachusetts courts

-6-

differed over whether Massachusetts followed <u>Price Waterhouse</u>
v. <u>Hopkins</u>, <u>Supra</u>., or its own earlier precedent, under which
the burden of persuasion remained with the employee at all
times.  The States high Court, came down on the side of
<u>Price Waterhouse</u> v. <u>Hopkins</u>, holding that the burden shifts to
the Defendant who can avoid liability only by proving an
affirmative defense that it would have made the same decision
even without the illegitmate motive.  This will almost certainly
be a element, before this court to interpret, as will several
other such issues, forewhich the Defendant has sought to avoid
liability for, by attempting to move this matter, into a forum
that appears to be more defense friendly.

        Massachusetts law is now closer to Federal Law on several
relevant issue in my matter, but Massachusetts law is still
different from Federal law on the key issue of dispute between
this party.   Plaintiff seeks, Massachusetts Court interpretation
of the States Antidicrimination law and issues.


Conclusion:

        Plaintiff request, that Court grant the requested Relief,
finding, that the Defendant, has failed to show, a diveristy of
citizenship, and order remand to the Suffolk Superior Court.


Dated: 10/13/04                    Marvin M. Smith
                                   W-81728
                                   Old Colony Correctional Center
                                   1 Administration Road
                                   Bridgewater, Mass 02324