UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARVIN M. SMITH<br>Plaintiff,<br><br>v.<br><br>DORCA GOMEZ, WALTER SULLIVAN,<br>JEAN CLANTON, JEANNINE RICE,<br>RENT-A-CENTER, INC., ROGER IVERSON,<br>WILLIAM COSTA AND KEVIN BELL<br>Defendants. | Civil Action No.<br>04-12021-PBS |

PLAINTIFF'S EXHIBIT F

## DEFENDANT RENT-A-CENTER INC.'S
## OPPOSITION TO MOTION TO REMAND

Defendant Rent-A-Center, Inc. ("RAC") opposes plaintiff Marvin Smith's ("Smith") Motion to Remand. As grounds for this opposition, RAC states that it is the only defendant in this case, and thus, as a foreign corporation, complete diversity exists.

Smith, a Massachusetts resident, filed this action in state court on December 16, 2003 against RAC and three individual defendants.[1] To date, Smith has not properly served the three individual defendants, whom he claims defeat diversity. Because the time for service has long since expired, and because Smith has not shown good cause for not effectuating service within the time allotted by the Massachusetts Rules of Civil Procedure, the individually named defendants are dismissed and cannot be used to defeat removal.

---

[1] Smith originally also named the Massachusetts Commission Against Discrimination and individual employees at the Commission in his Complaint. Those defendants have been dismissed from the case by order of the superior court and Smith acknowledges same. See Smith's Motion to Remand, at note 1.

Procedural History

In March 2004, Smith moved the state court to alternatively serve RAC and the three individual defendants, Roger Iverson, William Costa and Kevin Bell, at the RAC store located at 378 Page Street, Stoughton, Massachusetts. None of the individual defendants work at this location. Smith's motion was denied. See Order on Smith's Motion for Alternative Service of Process, Exhibit A. Smith was, however, granted an additional 60 days, through May 15, 2004, to serve the defendants. See Docket Sheet, entry dated April 7, 2004, Exhibit B. On a renewed motion for alternative service, the court permitted Smith to make alternative service on defendant RAC only, and specifically took no position as to whether Smith had properly served defendants Iverson, Costa and Bell. See Order on Smith's Renewed Motion for Alternative Service of Process on Rent-A-Center, Exhibit C.

Under Mass. R. Civ. P. 4(d)(1), an individual must be served by delivering a copy of the summons and complaint to him personally, or by leaving copies at his last and usual place of abode, or by delivering a copy to an agent authorized by appointment or by statute to receive service. Smith's only attempted service of the three individual defendants was at the Stoughton store, service which the court rejected. Defendants Costa and Bell no longer work for RAC and thus cannot be served at a RAC store. While defendant Iverson does work for RAC, he does not work in Stoughton and was never personally served. Thus, Smith has not made proper service on the individual defendants. Further, the time for doing so has long since expired. Over ten months have passed since the Complaint was filed and over five months have passed since the expiration of Smith's extended deadline for serving these defendants.

On September 21, 2004, the state court issued an order denying Smith's Motion for Default which stated:

> Massachusetts Rules of Civil Procedure requires a plaintiff to complete service by close of 90 days from commencement or else "show good cause why such service was not made within that period." If the plaintiff fails to show "good cause" <u>the rule commands the judge to dismiss the action</u> without prejudice. Therefore the plaintiff must submit papers showing "good cause" for the failure to make service within the original 90 days [;] they should submit such papers by close of October 20, 2004. [emphasis added].

<u>See</u> Docket Sheet, entry dated September 21, 2004, Exhibit B. Smith has neither made proper service, nor provided good cause as required by the court. Thus, pursuant to the court's Order, the case must be dismissed against the three individual defendants.

<u>Diversity of Citizenship</u>

RAC's Petition for Removal is not based on the fact that the three individual defendants have not been served. Rather, its Petition is based on the fact that the case against them is dismissed for failure to timely effectuate service, or show good cause for such failure, as ordered by the court in the September 21, 2004 Order.

Smith had over 10 months to serve the individual defendants. The superior court gave him additional time, as well as the opportunity to show good cause as to why they had not been served. Further, the superior court ordered that if Smith failed to show good cause for his failure to serve the defendants by October 20, 2004, the rules "command" that the action against them be dismissed. Smith has not shown such good cause and thus the individual defendants are dismissed. As a result, RAC, a non-resident corporation, is

the only defendant, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Respectfully submitted,

RENT-A-CENTER, INC.

By its attorneys,

_____
Suzanne M. Suppa (BBO #565075)
Laurie Drew Hubbard (BBO #651109)
Littler Mendelson, P.C.
One International Place, 27th Floor
Boston, MA 02110
(617) 378-6000

Dated: October 29, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the plaintiff (pro se) by mail on this 29 day of October.

_____
Suzanne M. Suppa

Dated: October 29, 2004

- 4 -