UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Marvin M. Smith,               :
        Plaintiff.             :
                               :          PLAINTIFF'S
                               :          EXHIBIT
                               :             I
                               :
v.                             :        CIVIL ACTION
                               :        NO. 04-12032-PBS
                               :
Rent-A-Center, Inc., et al. :
        Defendants.            :

## PLAINTIFF'S PRE-TRIAL ORDER

        Now comes the Plaintiff Marvin M. Smith, pursuant to
Fed. Rules. Civ. P. 16(b); Local Rule 16.1(b)(c), and Courts
September 28, 2004, order and submit Plaintiff's tentative
Pre-Trial Order.

## LEGAL ISSUES BEFORE THE COURT

        Plaintiff requests, that the Court apply the
Massachusetts Anti-discrimination statute M.G.L. Ch. 151B, § 4.
As Plaintiff relies on the familar three stage analysis set
forth by the States Supreme Judicial Courts decision in Blare
 v. Husky Injection Molding Systems Boston, Inc., 419 Mass 437,
444-445(1995); Abramian v. Harvard College, 432 Mass. 107, 116-
119(2000); Lipchitz v. Raytheon Co. 434 Mass. 493,502(2001).
        Plaintiff understands, that Plaintiff bores, as a matter
of law, the initial burden of establishing a prima facie case
of racial discrimination.
        Plaintiff states, he will establish that Defendants
Rent-A-Center, Inc., Kevin Bell, William Costa and Roger Iverson

-2-

liable, through credible evidence and material testimony from
Plaintiff's witnesses, that the Defendants termination of
Plaintiff from employment was racially motivated, in violation
of M.G.L. Ch. 151B, § 4. When the Defendants: (1). Failed to
Promote Plaintiff. (2). Failed to provide Pay Increase. (3).
Deprivation in Job Responsibility. (4). Wrongful Discharge and
(5). The Disparate Treatment.

Plaintiff states further, that contingent upon
Defendants compliance with both Plaintiff's Discovery and
Interrogatories request, Plaintiff will persuade this court,
by a fair preponderance of evidence, that the Defendants
proffered reason for its termination decision was not the real
reason but is a pretext for discrimination.


1.      Plaintiff makes a claim under states Antidiscrimination
        Statute M.G.L. Ch. 151B, § 4,  that prohibits
        Defendants Rent-A-Center, Inc., Kevin Bell, William
        Costa and Roger Iverson from discriminating against
        Plaintiff in the terms and conditions of Plaintiff's
        Employment at Rent-A-Center, Inc., because of race.
        More specifically, the Plaintiff claims that:

        (a). Defendants Disparate Treatment between African
        American's and Hispanic Employees at Rent-A-Center,
        Inc., Unit 1554, in violation of M.G.L. Ch. 151B, § 4.
        Matthew v. Ocean Spray Cranberries, Inc., 426 Mass.
        122, 129(1997): Lipchitz v. Raytheon Co. Supra. at
        502.

-3-

(b). Defendant's Failure to Promote Plaintiff based
on race. In violation of M.G.L. Ch. 151B, § 4.
City of Boston v. MCAD, 47 Mass. App. Ct. 816, 821
822(1999).

(c). Defendant's Lack of Pay Increase to Plaintiff
based on race. In violation of M.G.L. Ch. 151B, § 4.
City Of Boston v. MCAD, Supra. at 821-822.

(d). Defendant's racially motivated act of Deprivation
of Job Responsibility, and as a pre-textual reasoning
for racially motivated termination from employment, in
violation of M.G.L. Ch. 151B, § 4. City of Boston v.
MCAD, Supra. at 822.

(e). Defendants wrongful Discharge of Plaintiff, in
violation of M.G.L. Ch. 151B, § 4. City of Boston v.
MCAD, Supra. at 822.

2.    Plaintiff's additional charge of Fraud and Deceit in
violation of M.G.L. Ch. 93A, § 2A. States Consumer Protection
Act.


                          WITNESS LIST


        Plaintiff submits the following named witnesses, all of
whom, are were Employee's or former Employee's of the Rent-
Center, Inc., assigned to Unit 1554. And at all relevant time
were so employed and assigned.    In addition, this is a
tentative list of witnesses, that are subject to change based
on the Defendants compliance with Plaintiff's Request for both

-4-

Discovery and Interrogatories. As well, this Plaintiff's
Witness List, is contingent upon that supra., as well, the
Defendant willingness to submit to Admissions.

1. Douglas Angle, Former Manager/Assistant Manager,
Inside/Outside Manager at Unit 1554, during the Plaintiff's
Employment and assignment at Rent-A-Center, Inc. Mr. Angle's
current address is Perkin Street Jamaica Plain, Massachusetts.
02130.  And his testimony, is to support Plaintiff's charges
of Racial preference, by the Defendant's in both promotion's,
pay increase and termination.  Mr. Angle, is expected to
testify fully, to the disparate of treatment between the
Plaintiff (a African American) and Hispanic Employee's. As a
Victim of the Defendants preferential treatment. In addition,
Mr. Angles, testimony is also necessary, as evidence of
pre-text, the Defendants claim, that Plaintiff, has now been
terminated from employment, for abandonment of Plaintiff's
Job.

2. Keith Bodden, Former Manager/Assistant Manager,
Inside/Outside Manager and fellow Account Manager at Unit 1554,
during the Plaintiff's employment and assignment at Rent-A-
Center, Inc. Mr. Bodden, current address is Mascot Street
Mattapan, Massachusetts 02125. Mr. Bodden's testimony, is to
further support Plaintiff's charges of racial preference, by
the Defendant's in both the promotion's, pay increases and
termination. Mr. Bodden, is also expected to testify fully, to
the disparate treatment between the Plaintiff and Hispanic
employee's. In addition, Mr. Bodden's, testimony is need to
put to rest, the Defendant's false declaration, that Mr.
Bodden, is a African American, whom the Defendants promoted to
Higher management, a claim, that allowed,/ won them judgment
in state agency forum. As well, Mr. Bodden's testimony, is

-5-

anticipate, to also address, issues of the Plaintiff Job
performance and the deprivation of Plaintiff's Job
Responsibilities. As well, Mr. Bodden, will offer the Court
a clear understanding of the pre-textual termination motivation,
originally cited in Defendants action for suspending and
terminating Plaintiff from employment. The failure to meet
company collection standards, was is pre-textual.

3. Donny Cruz, former fellow Account Manager at Unit
1554 Rent-A-Center, during the Plaintiff's employment and
assignment at Rent-A-Center. Mr. Cruz's current address is
Mozart Street Jamaica Plain, Massachusetts 02130. Mr. Cruz,
was the employee similar situated, that the Defendants were
unable to identify, during prior proceedings.  Mr. Cruz, was
is, the Rent-A-Center Unit 1554 employee that preceded the
Plaintiff as Route One Unit 1554 Account Manager. Mr. Cruz,
was allegedly removed from Route One, for failure to meet
company standards, but was neither orally or written form
discipline. As well, terminated as a employee at Rent-A-
Center for his failures. Mr. Cruz's testimony, will also,
supports Plaintiff's claim, that Route One at Unit 1554, was
a abused route, that was being Managed by the Defendants Costa
and Iverson, in violation of alleged Goble Collection standards.
Mr. Cruz, will also identify family members, he had assigned
to Route One, and the articles of property they held, as well
identify, the method used for collection on such accounts.

4. Melvin Perdomo, former Manager at Unit 1554 Rent-A-
Center, during the Plaintiff's Employment and assignment at
Rent-A-Center, Inc. Mr. Perdomo's current address is Quincy
Street Dorechester, Massachusetts 02124. Mr. Perdomo's test-
imony is anticipated, to support Plaintiff's claim, that
Plaintiff's termination from Rent-A-Center, Inc., was in

-6-

retaliation for the Plaintiff's observance of the Martin
Luther King Birthday. Mr. Perdomo's testimony will support
Plaintiff's claim, that the Defendant William Costa, after
contact Manager Perdomo, and being informed that Plaintiff
had not reported to work on the Martin Luther King Holiday,
questioned that the Plaintiff, was African American, by
stating to Mr. Perdomo, "he is Goya" when being told by Mr.
Perdomo, that Plaintiff was African American.  Further, Mr.
Perdomo, will testify fully, that it was after this Martin
Luther King incident, that the Plaintiff began receiving
daily calls from the Defendant Costa, demanding that Plaint-
iff quit or Defendant would fired Plaintiff. Mr. Perdomo, is
also expected to testify, to the Defendants policy and
practices of hiring and assigning Employees to Unit 1554. As
well, give testimony as to the Plaintiff's Job Performance,
and Plaintiff's conduct while employed at Unit 1554.


## EXPERT WITNESSES

Plaintiff again, has but two Expert Witnesses anticipated,
one being Former Rent-A-Center Employee Scott Rabb, current
address Old Colony Way Charlestown, Massachusetts.
Mr. Rabb's testimony is expected to support Plaintiff's claim of
deprivation of Job responsibility, and Plaintiff's charges that
Defendant Costa, was managing Route-One Unit 1554 account. Mr.
Rabb, will testify to a conversation Plaintiff, he and Defendant
Costa had, concerning the account of Police Officer Karen Green,
and or the fraudulent account at Unit 1554, being ran with
Madam Policewoman's Social Security information, and the demands
Defendant made, to end Plaintiff from discoverying the member of
Rent-A-Center, Inc., whom authorized the use of this Policewomans
identity information. Also Mr. Rabb, will given expert testimony
on managing Unit 1554 Rent-A-Center Route One Accounts, and their

-7-

long history of abuse by the Defendants. Additionally, Mr. Rabb will testify, that such abuse of Route One at Unit 1554, could not had occurred, without the assistance of Defendants.

Plaintiff's Expert Witness, is expected to be a Private Investigator from Revere, Massachusetts 02151, whom the Plaintiff has been in correspondence with, but hasn't secured. In addition, Plaintiff is hopeful, that Counselor, will be secured within the next few days, as Plaintiff, is also in contact with counsel, whom is as we speak, reviewing possible assignment. Upon insistance, will reveal the names and location of those members.

## ADMISSIONS

Plaintiff, would be willing to submit Admission in favor of calling those witnesses supra., but certain document-ation, would be preferable to the Plaintiff, to support Plaintiff's claim of pretext, Defendants reasoning for suspen-sion of Plaintiff and issue of disparate treatment, failure to promote, pay increase based on race. But Plaintiff does believe admission would avoid unnecessary, witnesses, and Discovery request.

## PLAINTIFF CONSENTS TO TRIAL BY MAGISTRATE

Plaintiff, has no opposition to  the assignment of Magistrate Judge, in this matter, but continues to demand review under those standards of State Statute M.G.L. Ch. 151B, § 4. As interpreted by the State Supreme Court in Lipchitz v. Raytheon Co., 434 Mass 493, 498(2001)

-8-

## PLAINTIFF'S PROPOSE SETTLEMENT

Again, Plaintiff Marvin M. Smith, a pro-se Plaintiff,
with all hopes of a trained Legal Counselor, directing this
matter, makes this proposed Settlement, pursuant to both
Federal Court September 28, 2004 order, and as a honest
attempt at resolving this matter before trial.

This Plaintiff's proposed Settlement, is tendered as
a reasonable settlement offer to the Defendants. As Plaintiff
believes Defendants Liability is patently clear, and there is
no reason why this case should not be quickly and fairly
resolved.

## Liability

As Plaintiff has outline in Plaintiff's complaint.
Plaintiff was at all times relevant a Account Manager at
Rent-A-Center, Inc., assigned to Unit 1554 located at 729
Center Street Jamaica Plain, Massachusetts 02130.

Plaintiff, as a newly hired Employee, was required to
pass both written examination as part of Plaintiff's Job
Application, but as well, required to do 40 Hours of Class
Room Training, using both Video and written training manuels
to complete those required hours of training.

As a result of the Plaintiff's 40 hours of training,
of which the Plaintiff received passing grades, Plaintiff
documented Plaintiff's knowledge of the workings of the Rent-
A-Center, Inc., it system of management and procedures.

Plaintiff states, from the date of July 2000-February
2001, Plaintiff received favorable evaluation, for the Plaint-
iff's Job performance.

-9-

Plaintiff states, from the date of July 2000-December 2000, Plaintiff was assigned to perform the task at Rent-A-Center Unit 1554 of Customer Service, product Delivery and preparation.  As well, Plaintiff was equally responsible for Unit appearance, Inventory, Inventory Pricing. Additionally, the processing of Rental agreements, Rental sales. Both Physical and general collection of Rent-A-Center Merchandize and contractual renewals.

On or about the date of December 2000, Plaintiff was assigned Unit 1554 Route One Acount Manager. Replacing fellow Rent-A-Center employee Donny Cruz. This assignment as Route One  Manager, was as a result of several of the newly hired, Hispanic's employees, and recently promoted Hispanic employees, being discoveried by Defendants, filing false Rental Agreements, and proving Rent-A-Center Customers with free weekly renewals.

Plaintiff further states, that from the date of August 2000-January 2001, the Defendants deliberately replaced all non-Hispanic employee's of Unit 1554 (with Plaintiff being the only exception) with Hispanic employee's, and thereby, trans-ferring these Non-Hispanic employees to Units, that closely resemble the statistical make up of that community.

Plaintiff, as Route One Account Manager, had success-fully managed those accounts found in the Route One Unit 1554. But began to meet resistance from the Defendan Costa, on what Route One accounts, would be managed in accordance to approved Rent-A-Center, Inc., management policies.  Several Route One Accounts, were allowed to renew accounts late. Defendant Costa, additionally, waived several Hundreds of dollars of late fee assessments, for several Route One Accounts, over the object-ion of Plaintiff, thereby creating managing problems for the Plaintiff.

Plaintiff, while managing Route One, began to find accounts within Route One, that were created through the use of unsuspecting former Rent-A-Center Customers.

-10-

Plaintiff on Martin Luther King, Jr., Holiday. 2001,
received a call from then Manager Melvin Perdomo, Manager
informing Plaintiff, that the Defendant William Costa, had
contacted the Unit, and wanted to know why the Plaintiff
had failed to show up for work, and that after the Manager
had explain to the Defendant Costa, that the Plaintiff was
observing Martin Luther King, Jr., Holiday, the Defendant
Costa, questioned whether the Plaintiff was African American
or a Goya. And it was shortly after, this incident, that the
Plaintiff began to get harassing Telephone calls about the
condition of Route One accounts.

Plaintiff further states, that it was shortly, after
the Martin Luther King, Jr., Holiday, that the Unit 1554
began, to lose Staff, with the Manager Melvin Perdomo being
injured, and in fighting between Assistant Manager Keith
Bodden and Assistant Manager Douglas Angle, for control of
the Unit's day-to-day operation. The loss of three members of
the Customer Service staff, that Plaintiff was assigned back
to Customer Service, and the day-to-day Managing of Route One
was turned over to Unit's Inside/Outside Manager(s) for
managing.

As well, Rent-A-Center Unit 1554, for a third straight
month, failed to meet any of it's revenue projections. As
well, Defendants Costa and Iverson, discoveried, large numbers
of missing inventory, and Rent-A-Center Customers whom had
claim ownership, to items list in Rent-A-Center's inventory as
being on rent. There was no disciplinary action taken against
none of the guilty parties, nor was any of them terminated.

On March 1, 2001, Plaintiff was informed by Defendant
Costa, via Telephone conversation, that the Plaintiff had
until the close of the day, to bring the Route One Accounts
in accordance with Company standards, and or the Plaintiff

-11-

would be written up and suspended for one week. Plaintiff,
in response to this ultimatum began the collection of
delinquent Route One accounts, this occurred until one of
those delinquent customers claimed to Defendants Bell and
Costa, ownership to items listed in Route One inventory, as
being on rent. At which time Defendant Costa, ordered the
Plaintiff to stop the physical collection of Route One
Accounts.

     Plaintiff states, that several of the Route One Unit
1554 delinquent accounts, to be pick up, on the date of
March 1, 2001, were accounts that the Defendant Costa, was
managing from week to week. These accounts, were the most
abused accounts in the Route One system, in terms of on time
renewal, and waiver of late fee assessments. Defendants
Costa and Iverson continuingly, allowed for waiver of late
fee assessments, to Route One Customers, in favor of a partial
payment, and renewals.

     Plaintiff states, Plaintiff was suspended for one week,
after being written up on March 1, 2001, for failure to meet
company collection standards, and terminated after the
service of that term.

     Plaintiff states, the Defendants Rent-A-Center, Inc.,
Kevin Bell, William Costa and Roger Iverson, have committed
fraud, in defending against the Plaintiff charge of Racially
motivated Employment termination, At the States Antidiscrimin-
ation Agency. By knowingly filing false documentation, know-
ingly filing false declarations, charging that the Plaintiff
was terminated for both failing to meet company collection
standards, as well, abandoning Plaintiff's Job. Also, the
Defendants, falsely claiming they treat each of their
employees equally; similar situated employees Douglas Angle
and Donny Cruz, were not acknowledged, but the the Defend-
ants  asserted Keith Bodden, as a African American,
Knowing that Keith Bodden, was/is a Hispanic, all to deny
Plaintiff relief.

-12-

## GENERAL DAMAGES

The conduct of Defendants was outrageous, was done in
a deliberate, callous, malicious, fraudulent and oppressive
manner intended to injure Plaintiff, was with improper and
evil motive amounting to malice and spite caused by bias,
and was done in conscious disregard of Plaintiff's rights.
Therefore, Plaintiff is entitled to Awards of punitive
damages from Defendants.

As a proximate result of Defendants racially
motivated termination, Plaintiff has suffered and continues
to suffer substantial losses incurred in loss of past and
future earnings, bonuses, and other employment benefits,
plus expenses fee's incurred in attempting to obtain the
benefits due Plaintiff, fee's incurred in seeking and obtain-
ing substitute employment, all to Plaintiff's Damage in an
amount of One anf Half years back pay.

As a further proximate result of Defendants racially
motivated termination, Plaintiff has suffered and continues
to suffer impairment and damage to Plaintiff's good name and
reputation by Defendants causing Plaintiff to be disciplined
and discharged with the untrue implication to all future
prospective employers that Plaintiff had been disciplined
and discharged for dishonesty, incompetence and unsatisfact-
ory performance, all to Plaintiff's damage in an amount of
One Year front pay.

As a result of the Discriminatory conduct and
actions of Defendant's herein, Plaintiff should be awarded
compensatory damages for emotional distress.

-13-

1.      Compensatory Damages.............$10,000.00

2.      Punitive Damages.................$10,000.00

3.      Back Pay.........................$54,600.00

4.      Front Pay........................$18,200.00


5.      Total Proposed Settlement........$92,800.00


## THE DESIRABILITY OF AMENDMENT TO THE PLEADING


        Plaintiff states, the Plaintiff, would like to
reserve the right to amend the Complaint, as stated,
Plaintiff's matter is being reviewed by counsel, for
possible representation, as I am not trained in law, I
would not like to handcuff, counsel in making appropriate
amendments to the Plaintiff's pleadings.


Dated: November 1,  2004.

                        Marvin M. Smith
                        W-81728
                        Old Colony Correctional Center
                        1 Administration Road
                        Bridgewater, Massachusetts 02324

## CERTIFICATION OF SERVICE

I, Marvin M. Smith, did cause the foregoing Plaintiff's Pre-
Trial Order to be served on Defendants Couselor Suzanne M. Suppa,
Law Offices of Littler Mendelson One International Place (Suite
2700 Boston, Massachusetts 02110, on this 1st day of November
2004, by mailing the same United States Postage.

                        Marvin M. Smith