## LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

## FOR SETTLEMENT PURPOSES ONLY


PLAINTIFF'S
EXHIBIT
J

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

TEXAS

WASHINGTON

Suzanne M. Suppa
Direct: 617.378.6004
Direct Fax: 617.737.0052

May 5, 2005

BY FIRST CLASS MAIL

Marvin M. Smith
W-81728
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA 02324

Re:   *Smith v. Rent-A-Center, et al.*

Dear Mr. Smith:

I am writing to follow up on last week's scheduling conference before Judge Saris and to explore the possibility of settlement.

At the conference, Judge Saris asked you about your economic damages, assuming you could prevail in your case against Rent-A-Center. Based on your response, your economic damages are no more than $18,000. Given these limited damages, and, as Judge Saris pointed out, the difficulties you face trying to litigate this case while incarcerated, Rent-A-Center believes it is in our mutual interest to explore resolution.

Judge Saris informed you that it is highly unlikely that you will prevail based on the pleadings submitted to the court. Thus, the parties will need to engage in discovery, including but not limited to, your deposition. It is not clear whether or not your deposition would have to wait until you are released from prison and, if so, we will not complete discovery for at least four years. Then, based on your deposition testimony, Rent-A-Center will likely move for summary judgment, thereby requesting judgment in its favor prior to a trial. If a trial is necessary, again it would likely not happen during your term of incarceration. At trial, you would have the burden of proving that Rent-A-Center acted with a discriminatory motive, which in the absence of any direct evidence, can be very difficult to prove.

Rent-A-Center understands that you feel strongly that you were discriminated against in connection with your termination. While the company disagrees with that position, it is willing to attempt to resolve this matter, so that you and the company can put this matter to rest.

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM ℠
One International Place, Suite 2700, Boston, Massachusetts 02110  Tel: 617.378.6000 Fax: 617.737.0052
Boston:8033.1 047470.1002

Marvin M. Smith
May 5, 2005
Page 2

Judge Saris indicated that because your damages are so small, she plans to send this case back to state court. If we do not settle prior to the case starting up again in state court, Rent-A-Center will vigorously defend going forward. Then, any money spent on continued litigation will not be available for a future settlement. Taking into account the risks you face *proving* discrimination, the strong likelihood that you will not prevail on the pleadings, and the possibility of a considerable delay in the litigation while you are incarcerated, Rent-A-Center believes that a settlement of $3,500 is a fair and reasonable offer which it can pay to you within a short time of executing a settlement agreement with a full release of claims.

If you are interested in accepting this offer, please let me know. This offer may not be available after we are asked to appear or respond in state court.

Sincerely,

Suzanne M. Suppa